# Bobbitt *v.* The State.

*Indictment for Obtaining Money by False Pretenses.*

1. *False pretenses.*—A conviction may be had for obtaining money by false pretenses (Code, § 3811), on proof that the defendant, representing himself to be a lawyer from Chicago, and an agent of a company there organized to loan out money in the South on lands to be purchased by freedmen, and as having a large amount of money with him for the purpose, thereby obtained from the prosecutor $35 as a fee for examining the title to a tract of land, which he represented must be done before any money would be loaned.

2. *Trial on Good Friday.*—Although Good Friday has been declared a legal holiday (Sess. Acts 1888-9, p. 56), a trial may be lawfully had and judgment and sentence rendered on that day.

FROM the Circuit Court of Tuskaloosa.

Tried before the Hon. S. H. SPROTT.

The indictment in this case charged that the defendant, "J. O. Bobbitt, whose christian name is to the grand jury unknown, did falsely pretend to Columbus Dunlap, with intent to defraud, that representing some company, which is to the grand jury unknown, that desired to purchase land in this country, he had one hundred thousand dollars in Tuskaloosa, with which to purchase lands; and, by means of such false pretenses, did obtain from the said Columbus Dunlap thirty-five dollars in money, as a fee to investigate the titles to certain lands, which he then and there proposed to buy for the said Columbus Dunlap, a description of which said lands is to the grand jury unknown." The defendant, conducting his own defense, moved to quash the indictment, "on the ground that the averment, 'he had one hundred thousand dollars in Tuskaloosa,' is too vague and indefinite; and on the further ground, that the averment, 'J. O. Bobbitt, whose christian name is to the grand jury unknown,' is inconsistent and contradictory." The court overruled the motion, and also overruled a demurrer to the indictment, on the same grounds.

[Bobbitt v. The State.]

The trial took place on April 19th, 1889, which was Good. Friday; and the defendant reserved a bill of exceptions, in which the facts are thus stated: "The State introduced evidence tending to show that the defendant, who is a colored man, came to Tuskaloosa some time in January, or February, 1889, and went out into the country, and saw different colored men, representing that he was a lawyer from Chicago, and that he represented a company who wished to loan out money in the South on lands to be purchased by the colored people; that he had $100,000 in the city of Tuskaloosa for that purpose; and that he would have to examine the titles to the land, before they could get the money. Upon this representation, he obtained from Columbus Dunlap the sum of $35. This was on Thursday, and he instructed said Dunlap to meet him in Tuskaloosa on Saturday, and that he would then let him have the money, or would refund the $35; but, on that night, the defendant took the south-bound train, and was arrested, some time afterwards, in New Orleans, where he had assumed another name. The defendant, testifying in his own behalf, swore that he did represent a company, and was prepared to make advances upon land; that he left Tuskaloosa suddenly, because he had heard of some threats of violence made against him that evening, and took the first train in order to escape. He admitted, on cross-examination, that he had changed his name after going to New Orleans; that he had obtained money in the same manner, in Autauga and Wilcox counties, Alabama, and also in Mississippi and Louisiana; that he went by a different name at each of these places, but could not recollect the names he assumed; and that he had made no loans, because he was run off each time before he had time to fix up the papers. He admitted, also, on cross-examination, that he did not investigate the titles to any of the lands which the party from whom he obtained the $35 wished to purchase; nor did he see the owners of the land to ascertain if they could be purchased; nor did he inform said Dunlap that he was going to leave, or make any effort to refund said $35. The court charged the jury, among other things, as follows: 'A false pretense, to be indictable, must be calculated to deceive and defraud; it must be of a material fact, on which the party to whom it is made has a right to rely,—not the mere expression of an opinion, and not of facts open to his present obsevation, and in reference to which, if he observed, he could obtain correct knowledge. As a general rule, if the pretense

[Cagle v. The State.]

is not, of itself, absurd or irrational, or if he had not, at the very time it was made and acted on, the means at hand of detecting its falsehood, if he was really imposed on, his want of prudence is not a defense.' To this part of the charge of the court the defendant duly excepted."

W. C. FITTS, for appellant.

W. L. MARTIN, Attorney-General, for the State.

STONE, C. J.—We have examined the record in this case with care, and are not able to perceive any error in the rulings of the court. The pretenses alleged to have been falsely made were of fact, and not mere opinion, or promise broken. They were calculated to deceive; and if they were intentionally made, were acted on, and a thing of value parted with in the confidence of their truth, while in fact they were false and intended to defraud, every requirement of the statute was met, and the defendant was and is guilty.—Code of 1886, § 3811.

The indictment is sufficient.—Form 47, Code of 1886, Vol. 2, p. 272.

The charge of the court is free from error.—3 Brick. Dig. 207.

There is nothing in the objection that the trial was had on Good Friday—a legal holiday.—*Belmont C. & R. R. Co. v. Smith*, 74 Ala. 206; *Pfister v. State*, 84 Ala. 432.

Affirmed.