# Pearce v. The State.

*Indictment for obtaining Money under False Pretenses.*

1. *False pretenses by one pretending to be pension agent; jurisdiction of offense; plea in abatement.*—Where an indictment avers that the defendant falsely pretended to a certain person, with intent to defraud, that he was a pension agent and would obtain a pension for such person, and by such means obtained money from him, there is charged an offense prohibited by the statutes of this State (Cr. Code of 1886, § 3811); and a plea in abatement that the circuit courts of this State have no jurisdiction over the offense, and that it was only cognizable in the Federal courts, is without merit.

2. *Obtaining money under false pretenses; sufficiency of evidence.*—A conviction may be had under an indictment for obtaining money under false pretenses where the defendant represented himself to be a pension agent, and that he would obtain a pension for the prosecutor, and thereby obtained money from her.

3. *Charges to the jury; how refusal indicated.*—Where there are several charges to the jury written upon the same piece of paper, and they assert erroneous propositions, it is not an improper mode of refusing such charges, for the judge to write the word "refused" on the paper and sign his name thereto.

APPEAL from the Circuit Court of Elmore.

Tried before the Hon. N. D. DENSON.

The appellant was indicted and tried under the following indictment : "The grand jury of said county charge that before the finding of this indictment that George Pearce did falsely pretend to Elizabeth Page, with the intent to defraud, that he was a pension agent and would obtain a pension of three dollars a month for her, and by means of such false pretense, obtained from the said Elizabeth Page seventy-five cents, against the peace and dignity of the State of Alabama."

The defendant interposed a plea in abatement, which was as follows : "Comes the defendant by his attorneys, and defends the wrong and injury when, &c., and says that this court has no jurisdiction over said alleged offense as it is cognizable only in the United States circuit courts." This plea was overruled, and the defendant thereupon demurred to the indictment upon the

[Pearce v. The State.]

ground that a pension was a periodical allowance to an individual, and that the promise to obtain a pension for a person was necessarily a promise to be performed in the future, and for that reason was not indictable. This demurrer was overruled, and the defendant duly excepted.

Elizabeth Page, a witness for the State, testified that the defendant came to her house in Elmore county, and upon being told that she had two fingers off of her right hand, and that her little boy was deaf, the defendant said to her that he was a pension agent, and that both she and her son were both entitled to pensions, she to three dollars and her son to nine dollars; and that if the defendant would pay him seventy-five cents he would get a pension for her. There were other facts tending to corroborate the testimony of this witness.

The defendant's testimony was that he accepted the money from Elizabeth Page to pay his expenses, for the purpose of going to Montgomery, Alabama, to see if he could get a pension for her and her son.

The defendant requested the court to give to the jury the following written charges, which were written upon the same piece of paper: (1.) "If the jury believe from all the evidence that the defendant only promised to pay money in the future, the jury must find the defendant not guilty." (2.) "The mere expression of opinion that the defendant was acting in the capacity of a pension agent, and that the money was paid to him for travelling expenses, the defendant must be found not guilty." (3.) "The defendant must be found not guilty, if the money was paid for travelling expenses." These three charges being on the same piece of paper, and not separated, the presiding judge refused to give them and wrote on the margin of the paper on which the charges were written the word "Refused" and signed his name thereto as presiding judge. To the refusal to give the three charges the defendant separately excepted.

GORDON MACDONALD, and M. D. BRAINARD, JR., for appellant, cited *Colly v. State*, 55 Ala. 85.

WILLIAM C. FITTS, Attorney-General, and GEORGE W. STOWERS, for the State, cited *Bobbitt v. State*, 87 Ala. 91; *Curtis v. State*, 78 Ala. 12; *McDonald v. State*, 83 Ala. 46; *Lang v. State*, 97 Ala. 41.

[Balkum v. The State.]

HARALSON, J.—That the plea in abatement filed by the defendant was without merit, as held by the lower court, is too plain for argument. The defendant's counsel in their brief filed in the cause do not, even, insist that there was error in overruling it. A false pretense within the meaning of the statute (Cr. Code of 1886, § 3811), is a false representation as to an existing or past fact. A mere promise not meant to be kept is not a false pretense.—*Colly's Case*, 55 Ala. 85. The false pretense alleged in the indictment to have been made, was of a fact, coupled with a promise of service to be rendered, and not a mere opinion or promise broken, viz., that defendant was a pension agent, and would obtain for the party named, Elizabeth Page, a pension, etc. The pretense was calculated to deceive. If intentionly made, was acted on, while in fact, it was false and intended to defraud, and a thing of value was parted with, in confidence of its truth, the requirement of the statute was met, and the defendant would be guilty. *Bobbitt v. The State*, 87 Ala. 91. The facts in the case cited, and the one before us were very similar, and there is no distinction in principle between that and this case.

The indictment was in conformity with form 47, Code of 1886, p. 272.

There was no error in refusing the charges requested by defendant, nor in the manner of their refusal.

Affirmed.