# Western Ry. of Alabama *v.* Russell, as Admr.

*Action for Damages for Death of Employee.*

[DECIDED JUNE 30, 1905, 39 SOUTH 311.]

1. *Appeal; Assignment of Error; Waiver.*—The fact that counsel for appellant, in brief, insists on a certain assignment of error, and merely refers the court to the assignment of error, and the demurrers as set forth in the record, without move, is a waiver of such assignment.

2. *Same; Harmless Error.*—Where the defendant has the benefit of a defense under the general issue, which is pleaded, it is harmless error to sustain demurrers to special pleas setting up the defense available under the general issue.

3. *Master and Servant; Death of Railway Employe; Complaint; Sufficiency.*—In an action against a railroad company for the death of its engineer due to defects in the roadbed, a complaint which alleges in different counts the negligent

[Western Railway of Alabama v. Russell, as Admr.]

failure of the company to maintain its tracks in proper condition and that a culvert was defectively constructed, in that it was too small to carry off the water during heavy rains, and that the material of which it was constructed had become weak from decay, is sufficient.

4. *Same; Same; Answer; Sufficiency.*—A plea setting up that decedent's death resulted from a washout occasioned by a rain fall so heavy as to amount to an act of God, is not a sufficient answer to complaint which alleges defects in the road bed, and a negligent failure of the railroad company to warn decedent of the conditions of the track or roadbed.

5. *Same; Railways; Duty to Warn Employes Operating Trains.*— Employes operating trains have no duty to perform with reference to the proper maintenance of the roadbed, as to dangers therein, and they have a right to assume that the track is in a safe condition, and the duty to warn them of defects rests upon the company.

6. *Same; Death of Employe; Contributory Negligence; Plea; Sufficiecy.*—A plea which alleges that decedent had been warned that there were heavy rainfalls along the line of defendant's railway, and cautioned to look out for high waters at all water ways, but which fails to allege that the engineer was informed of the dangerous conditions at the place of the accident, or that, had he kept a proper lookout, he could have discovered the danger in time to avoid the accident, is not sufficient as a plea of contributory negligence to an action for the engineer's death occasioned by a defective roadbed.

7. *Same.*—An averment in a plea that the engineer so negligently ran his engine as to run into a washout, which could have been avoided by the use of ordinary care, is a conclusion and fails to state facts necessary to constitute a plea of contributory negligence.

8. *Same; Duty of Engineer to Examine Track.*—An engineer is required to do no more in the examination of the track or roadbed or waterways than can be done consistenty with the performance of his duties as engineer, and the fact that he had been warned that there had been a heavy rainfall along the line, and cautioned to look out for high water at waterways, will not preclude a recovery for his death occasioned by his running into a washout, on acocunt of any negligence on his part.

9. *Same; Injury to Engineer; Contributory Negligence.*—Although a railroad engineer knew the place where the accident occurred which resulted in his death, but was not informed of any unusual conditions existing there at that time, he cannot be said to be guilty of contributory negligence because he

failed to exercise greater care at that place than at other like places.

10. *Same; Assumption of Risk.*—It must appear either that the engineer operating a train was warned of his danger or that the danger was open, before he can be said to have assumed the risk of injury resulting from a defect in the road bed occasioned by a heavy rainfall.

11. *Death by Wrongful Act; Set-off; Statutory Provisions.*—In an action by an administrator for damages for the wrongful death of intestate from negligence, damages alleged to have been caused to cars of defendant through decedent's negligence cannot be set off as an answer to the complaint, as § 27, Code of 1896, exempts damages recoverable in such cases from the liabilities of decedent.

12. *Master and Servant; Injury to Employe; Plea; Sufficiency.*—A plea which alleges, as an answer to a complaint for wrongful death caused by defective roadbed, and want of diligence in failing to give warning of its condition, that the company's servants did not know of the defect in time to give the warning, was bad in failing to show that the company had made efforts to inform itself of such conditions.

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

This is an action for damages by the Administrator of Russell, an engineer in the employ of defendant, who was killed while operating a train on defendant's track.

It is unnecessary to set out the complaint in full, as the action of the trial court upon the demurrers to the complaint was held to be waived. The gravamen of the charge in the various counts is that the injury was caused by the negligence of defendant or its servants in maintaining a culvert; that the culvert was too small to carry off the water; that it was defectively constructed; that the material of which it was constructed had decayed and weakened the culvert causing it to give way; that plaintiff's intestate was not warned of the dangers at this point, and other allegations of negligence.

The demurrers to the complaint were overruled, and the defendant filed the general issue, and the following special pleas, to which demurrers were filed and sustained.

2. That the injury complained of was the result of an unusual and extraordinary flood or cloudburst, such

as had never before been known to occur at the place where the injury occurred.

3. That the injury complained of was the result of an unusual and extraordinary flood, which could not reasonably have been anticipated.

4. That the injury complained of was the result of an unusual and extraordinary flood which the greatest caution and prudence could not have reasonably anticipated.

5. That the injury complained of was the result of a flood so violent and unexampled a character that it amounted to an act of God.

7. That before plaintiff's intestate sustained the injury complained of, as alleged in said complaint, and while in charge of his said train, he was notified by the defendant that there had been heavy rains along defendant's line of railway, and was cautioned to look out for high water at all low places and water-ways; that notwithstanding said notification and caution and in disregard thereof, the said intestate so carelessly and negligently operated said train and engine as to run into a washout, which could have been avoided by the use of reasonable care and diligence; wherefore, defendant avers that the injury complained of was the result of the careless and negligent conduct of plaintiff's intestate, in disregard of such notice and caution in operating said engine and train, thereby contributing to his own injury, and that such careless and negligent conduct was the proximate cause of the injury complained of.

8. That before plaintiff's intestate reached the place of said alleged injury and while in charge of his said engine and train, he was notified by the defendant that there had been very heavy rains along defendant's line of railway, and was cautioned to look out for high water at all low places and water-ways; that notwithstanding said notification and caution in disregard thereof, the said intestate carelessly and negligently ran his said engine and train at a rapid rate of speed, without ascertaining the condition of the road ahead of him, which he could have done by the use of proper care and diligence; wherefore, defendant avers that the injury complained

of was the result of the careless and negligent conduct of the plaintiff's intestate, in disregard of said notice and caution, in running said engine and train at a rapid rate of speed without ascertaining the condition of the road ahead of him, thereby contributing to his own injury, and that such careless and negligent conduct was the proximate cause of the injury complained of.

9.   That before plaintiff's intestate reached the place of said alleged injury and while in charge of his said engine and train, he was notified by the defendant that there had been very heavy rains along the defendant's line of railway, and was cautioned to look out for high water at all low places and water-ways; that notwithstanding his notification and caution and in disregard thereof, plaintiff's intestate, well knowing the location of the place where it is alleged he was injured and that it was a water-way, negligently and carelessly failed, before attempting to run his said engine and train thereover, to ascertain the condition of the tract or roadway over said water-way; wherefore, defendant avers that the injury complained of was the result of the negligent and careless conduct of thhe plaintiff's intestate, in disregard of said notice and caution, in attempting to run said engine and train over said water-way without ascertaining the condition of the track or roadway thereon, thereby contributing to his own injury and that such negligent and careless conduct was the proximate cause of the injury complained of.

10.   That the injury complained of was the result of a mere accident incident to the work in which plaintiff's intestate was employed.

11.   That the injury complained of occurred immediately after a very heavy and excessive fall of rain on the line of the defendant's railway; that plaintiff's intestate knew this fact and also knew the condition of defendant's roadway at said place, and with such knowledge, voluntarily undertook the operation of said engine and train at said time and place, and thereby assumed the risk of the injury which resulted in his death.

21.   That before plaintiff's intestate reached the place of said alleged injury and while in charge of the said engine and train he was notified by the defendant that

there had been very heavy rains at the place where the injury occurred, and was cautioned by the defendant to look out for high water at said place; that notwithstanding said notification and caution, which was given in ample time for said intestate to have acted thereon, and in disregard thereof, he, plaintiff's intestate, with a full knowledge of the location where the said injury occurred, negligently failed to approach said place with caution, but negligently and recklessly ran his engine and train over the same at a high rate of speed, wherefore defendant avers that the injury complained of was the proximate result of the said negligent conduct of plaintiff's intestate; and defendant avers that under the instructions given as aforesaid, it was the duty of plaintiff's intestate to have approached the place of the accident with caution and not to have attempted to have crossed the same at the rapid rate of speed which he did, until he first ascertained that it was safe.

22.   That before plaintiff's intestate reached the place of the said alleged injury, and while in charge of his said engine and train, he was notified by the defendant in ample time to have acted thereon, that there had been very heavy rains along the defendant's line of railway, and was cautioned to look out for high water at all low places and water-ways; that notwithstanding said notification and caution the said intestate carelessly and negligently ran his said engine and train at a rapid rate of speed without ascertaining the condition of the road ahead of him, which he could have done by the use of proper care and diligence, and which it was his duty to do before attempting to pass over the place where the injury occurred. Wherefore defendant avers that the injury complained of was the proximate and immediate result of the careless and negligent conduct of plaintiff's intestate in disregard of said notice and caution and his duty after receiving the same, in running said engine and train at the rapid rate of speed without ascertaining the condition of the road ahead of him, thereby contributing to his own injury, and that such careless and negligent conduct on the part of plaintiff's intestate was the proximate cause of the injury complained of.

23. That the injury complained of occurred immediately after a very heavy and excessive fall of rain on the line of defendant's railway, and that said plaintiff's intestate was notified in ample time by the defendant of this fact, and further that plaintiff's intestate was cautioned to look out for high water at said place; and defendant avers that it was the duty of plaintiff's intestate after receiving said notice not to have crossed said place without ascertaining that it was safe, and notwithstanding this notice and duty and with such knowledge on his part, voluntarily undertook to run said engine and train of cars at a rapid rate of speed over said place and thereby assumed the risk of injury which resulted in his death.

"Comes the defendant and for further answer to the 7th and 8th counts of the complaint and to each of said counts separately, says, that neither the defendant nor any servant or agent of the defendant had any notice of any defective condition of the said road-bed or track, or that said embankment had become so weakened by the heavy pressure of water, or water and drift-wood, from the stream aforesaid, that said embankment was likely to be washed out or give away, of which said servant then and there had control or charge of, which it could or should have given warning to plaintiff's said intes- ipated."

The defendant filed several other pleas of similar import to those above set out, to which demurrers were also sustained.

By its twelfth plea the defendant sought to set off as against the claim for damages for death of intestate, intestate's negligence in running its cars into said washout, and the damages following therefrom.

Demurrer was sustained to this plea, and issue was joined upon the general issue.

The bill of exceptions was stricken on motion of plaintiff (appellee), because not signed properly.

GEORGE P. HARRISON, for Appellant.—A railroad company is not bound to provide against extraordinary floods, such as have never been known to occur before, and which could not have been reasonably anticipated.

[Western Railway of Alabama v. Russell, as Admr.]

*C. & W. Ry. v. Bridges,* 86 Ala. 448; *B. & O. R. R. Co. v. S. S. Dist.,* 96 Pa. St. 65; *R. R. Co. v. Reeves,* 10 Wall. 176; *Smith v. W. Ry. Co.,* 91 Ala. 455; *Thompson v. L. & N. R. R. Co.,* 91 Ala. 500.

The intestate was guilty of contributory negligence, and also assumed the risk.—*Stutts case,* 105 Ala. 368; 5 Rapelje & Mack Dig., p. 141; Bushwell on Personal Injuries, § 204.

For accidental injuries incident to the service, the employer is not liable, either at common law or under the statute.—*M. & O. R. R. Co. v. George,* 94 Ala. 199.

When damages result to the property of a corporation from the negligence of an employee in the performance of his duties, it may recover damages in an action against him; and the corporation, having the right to maintain such action, may when sued by him to recover damages, set off by plea damages resulting from his negligence.— *M. & M. R. R. Co. v. Clanton,* 59 Ala. 392; Code 1896, § 3728; *Krou v. Verkentoren,* 90 Ala. 113; *Woodrow v. Harring,* 105 Ala. 240.

CRUM & WEIL and J. M. CHILTON, for appellee.—If error has intervened in the rulings on special pleas, it will not avail to reverse if the party complaining had the benefit of the facts set up in the special pleas, under the general issue.—2 Mayfield's Dig. 183-4 and cases cited.

The complaint in each count charged the defendant with negligence in maintaining the structure, which gave way. The pleas do not deny the negligence charged, but aver the act of God as an avoidance. If negligence existed on the part of the defendant, the act of God is no defense.—*Gulf Red Cedar Co. v. Walker,* 132 Ala. 553; *Plott's case,* 131 Ala. 812; *Smith's case,* 91 Ala. 455; *Bridges's case,* 86 Ala. 448; 1 Am. & Eng. Eny. of Law (2nd Ed) 594-5.

The railroad company could not absolve itself from the duty of keeping the roadbed in repair, by merely notifying its engineers to keep a lookout at all low places and water ways as it had been raining.—*Southern Ry. Co. v. Plott,* 131 Ala. 314; 92 Am. Dec. 206; 161 U. S. 451; *Danziger v. DeBardelaben,* 101 Ala. 309; *Campbell's case,*

[Western Railway of Alabama v. Russell, as Admr.]

91 Ala. 147; *Holland's case,* 87 Ala. 708; *Hall's case,* 87 Ala. 708; *Probt's case,* 87 Ala. 518; 132 Ala. 444; 120 Ala. 535.

A plea of contributory negligence must aver the facts which constitute the negligence, and not aver them merely as a conclusion of the pleader.—*Markee v. L. & N. R. R. Co.,* 103 Ala. 160; *R. R. Co. v. Herndon,* 100 Ala. 451.

It is only when a servant places himself in a dangerous position obviously, without necessity, and then fails to give due attention to his own safety that he is guilty of such contributory negligence as will bar a recovery.— *Rocke's case,* 116 Ala. 360; *Davis' case,* 107 Ala. 666; *Andrew's case,* 99 Ala. 438.

TYSON, J.—This action is by the personal representative of Thomas J. Russell, deceased, to recover damages for alleged negligence on the part of defendant resulting in his death.

The complaint as originally filed comprized six counts, and nine others were added by amendment. Counts eight and ten were withdrawn and the trial was had on the remaining counts. To each count a demurrer was interposed which was overruled by the trial court. These several rulings are assigned as error. There is however no such insistence in brief of appellant's counsel on these assignments of error as devolves upon us the duty of passing upon them. All that is said is that they are insisted on, and we are referred to the assignments of error, and the demurrers as set forth in the record. This amounts to no insistence.—*Williams v. Spraggins,* 102 Ala. 424, 431, 15 South. 247; *Ward v. Hood,* 124 Ala. 574, 27 South. 245; *Sylacauga Land Co. v. Hendrix,* 103 Ala. 254, 15 South. 594; 2 Mayfield's Dig. p. 133 § 77, *et seq.*

We have, however, examined each count of the complaint upon which the case was tried and find that each states a cause of action. In some of the counts the negligence is alleged in general terms to have consisted in the failure to maintain the track in proper condition for the passage of trains; in others, that the culvert was defectively constructed; in others, the defect in the construc-

tion of the culvert is stated more specifically to have consisted in the fact that it was too small to carry off the water that would accumulate during heavy rains; and in others that the materials of which the culvert was constructed had become weakened by decay.

There were also two counts (7th and 8th) predicated on the alleged failure of the servants of defendant to give warning to plaintiff's intestate of the conditions as they existed at the time of the disaster.

The defendant filed originally twelve (12) pleas and a like number were added by amendment. Of course, plea one (1) was the general issue, and 2, 3, 4, 5, 13, 15, and 16, to which demurrers were sustained, set up in different forms that the washing away of the culvert and the death of Russell resulted from a rainfall so severe and unexampled in character as to amount to the "Act of God." Without considering the various grounds of demurrer interposed to each of these pleas, suffice it to say that, if they presented a defense to the action and therefore the court erred in sustaining the demurrer, the defendant could have had the benefit of each of them under the plea of the general issue. The rulings must, therefore, be regarded as inocuous.—*Hall v. Sou. Ry. Co.*, 131 Ala. 161, 32 South. 603. But aside from this, they were clearly no answer to the 7th count.

Pleas 7, 8, 9, 11, 21, 22 and 23 invoke either the defense of contributory negligence or that plaintiff's intestate assumed the risk of the injury which caused his death.

Plea 7 is as follows: "That before plaintiff's intestate sustained the injury complained of as alleged in said complaint, and while in charge of said train he was notified by defendant that there had been heavy rains along the line of defendant's railway, and was cautioned to look out for high water at all low places and waterways; that notwithstanding said notification and caution and in disregard thereof, the said intestate so carelessly and negligently operated said engine and train as to run into a wash-out, which could have been avoided by the use of reasonable care and diligence; wherefore defendant avers the injury complained of was the result of the careless and negligent conduct of plaintiff's intestate in disregard of such notice and caution in operating said en-

gine and train thereby contributing to his own injury and that such careless and negligent conduct was the proximate cause of the injury complained of."

Speaking of the duties railway companies owe their employes operating their trains, we said in *Northern Ala. Ry. Co. v. Shea,* 37 So. Rep. 796. "Trainmen do not assume the risk of defective track conditions. They have a right to assume that the track is safe. It is not their duty but the duty of their employers to keep it in proper condition. The acquaintance which trainmen are required to have with the premises, and to acquire which they are carried over the road on trains before being put in charge of trains, is more an acquaintance with the line, so to say, than with the track. They must know, and in the way indicated they are taught the conditions of the line in respect of stations, stopping places, switches, grades, curves, and distances. With these things they have to do; but not with the track itself in respect of its condition and maintenance. This plaintiff, a brakeman, was not charged with knowledge of the defects in this track, but, on the contrary, had a right to assume without investigation that the track was in good and safe condition." The same principle was also declared in *L. & N. R. R. Co. v. Baker,* 106 Ala. 624, 17 South. 452; *Union Pac. Ry. Co. v. O'Brien,* 161 U. S. 457, 16 Sup. Ct. 618. For a failure to discharge these duties, the defendant could not relieve itself by any such general notification or caution as is alleged in the plea.

In Dresser on Employer's Liability Act, § 99, it is said: "The master does not discharge the duty cast upon him by giving a general warning of danger but he is bound so to point out and instruct about the risk that the servant may appreciate what he is to encounter and know how he may avoid it. Mere information in advance that the service generally or a particular thing connected with it was dangerous might give him no adequate notice or understanding of the kind and degree of danger which would necessarily attend the actual performance of his work."

It is true the statement quoted relates to the duty imposed upon the master to give warning of latent dangers or to inexperienced servants in respect to trainmen who

had no duties to perform regarding the proper maintenance of the track.

It is not alleged that the engineer was informed of the dangerous conditions existing at the culvert, or that, had he kept a lookout, he could have ascertained those conditions in time to have averted the injury. The averment that he so carelessly and negligently operated his engine and train as to run into a washout, which could have been avoided by the use of ordinary care and diligence, is the mere statement of the conclusion of the pleader and is not permissible in pleading contributory negligeence, where the facts must be averred.—*S. R. Co. v. Shelton,* 136 Ala. 191, 34 South. 194; *R. R. Co. v. Herndon,* 100 Ala. 451, 14 South. 287; *Markee v. L. & N. R. R. Co.,* 103 Ala. 160, 15 South 511. The court did not err in sustaining the demurrer.

Plea 8 was substantially the same as 7, with the added averment "That notwithstanding said notification and caution and in disregard thereof ,the said intestate carelessly and negligently ran his said train at a rapid rate of speed without ascertaining the condition of the road ahead of him which he could have done by the use of prper care and diligence," etc.

It will be seen that the plea is open to the same criticism as the 7th. It was not the duty of the engineer, on any such general notice, to do more in the way of examination of the roadways or waterways than could be done consistenty with the performance of his own duties as engineer; and there is no averment that, consistently with the performance of his own duties, he could have discovered the situation at the point where he was injured.

Plea 9 was the same as 7 and 8, with the added averment that the deceased, "well knowing the location of the place where it is alleged he was injured, and that it was a waterway, negligently and carelessly failed, before attempting to run his said engine and train thereover, to ascertain the condition of the track or roadway over said waterway."

The added averment falls far short of correcting the defects pointed out in the former pleas. The only fact added as imposing upon the engineer the duty of exam

ing the road at the place where he was injured, is "that he well knew the locality." There is no averment that he knew or was informed of any conditions existing at the place, at the time, that required greater care on his part than at other waterways.

Plea 11 invokes as a defense, the assumption of risk. It is alleged "That the injury complained of occurred immediately after a very heavy and excessive fall of rain on the line of defendant's railway; that plaintiff's intestate knew this fact and also knew the condition of defendant's roadway at said place, and with such knowledge voluntarily undertook to operate said engine and train at said time and place and thereby assumed the risk of the injury which resulted in his death."

Whether deceased knew of the condition of defendant's roadway at said place, as those conditions existed at the time he attempted to cross, the plea does not aver. Construing its averment most strongly against the pleader, he possessed only such knowledge of its conditions as he had previously acquired. It does not appear what "condition" deceased knew, and there is an evident failure to allege that he knew of any conditions existing at the time that made it dangerous to cross with his engine and train. Before it could be said he assumed the risk, it must appear either that he was properly warned of the danger or that it was open and patent.— *L. & N. R. R. Co. v. Stutts,* 105 Ala. 368, 17 South. 29; *L. & N. R. R. Co. v. Baker,* 106 Ala. 624, 17 South. 452; *A. G. S. R. R. Co. v. Brooks,* 135 Ala. 401, 33 South. 181, and authorities there cited.

Plea 21 alleges that "Plaintiff's intestate was guilty of contributory negligence in that before he had reached the place where he was injured he was notified by the defendant that there had been very heavy rains at the place where the injury occurred and cautioned him to lookout for high water at said place; that notwithstanding said notification and caution which was given in ample time for said intestate to have acted thereon, and in disregard thereof, he, plaintiff's intestate, with a full knowledge of the location where said injury occurred, negligently failed to approach said place with caution but negligently and carelessly ran his engine and train

over the same at a high rate of speed," etc.

It will be observed it is not alleged that plaintiff's intestate failed "To look out for high water at said place," or that, if he had done so, he could have seen the conditions that made it obviously dangerous to attempt to cross. The averment that he had "Full knowledge of the location" is by no means the equivalent of an allegation that he knew the culvert had been washed out or the dangerous condition caused by the stoppage of the water or that he could have discovered the danger by the exercise of due care, and the failure to make these necessary averments is not remedied by the statement that deceased, "Negligently and recklessly ran his engine and train over the same at a high rate of speed;"—a mere conclusion of the pleader which, as we have said above, is an insufficient averment in pleas of this character.

The 22nd plea sets up contributory negligence and is substantially the same as the 7th and 8th. It avers the same notification that heavy rains had fallen along the line of the defendant's road, and the same caution to look out for high water at all low places and waterways. It is alleged that notwithstanding said notification and caution, "Said intestate carelessly and negligently ran his said engine and train at a rapid rate of speed without ascertaining the condition of the road ahead of him, which he could have done by the use of the proper care and diligence and which it was his duty to do before attempting to pass over the place where the injury occurred. Wherefore," etc. What we have said in respect of the 7th and 8th pleas is applicable to this one. Furthermore, it is not alleged that he failed to keep a lookout, or that he could have maintained such a lookout consistently with his other and primary duties as would have enabled him to ascertain the conditions then existing; and finally, the breach of duty is alleged by way of conclusion merely.

The defense of the assumption of the risk was invoked by the 23rd plea, which alleged that "The injury occurred immediately after a very heavy and excessive fall of rain on the line of defendant's railway and that plaintiff's intestate was notified in ample time by defendant of this fact, and further, that plaintiff's intestate was cau-

tioned to lookout for high water at said place; and defendant avers that it was the duty of plaintiff's intestate after receiving said notice not to have crossed said place without ascertaining that it was safe and notwithstanding this notice and duty, and with such knowledge on his part, voluntarily undertook to run said engine and train of cars at a rapid rate of speed over said place and thereby assumed the risk of injury which resulted in his death."

This plea, it is evident, is open to the objections urged to all the others of the same character. There are no facts stated showing that the danger was open to ordinary observation and known to deceased,—necessary allegations before deceased could be said to have assumed the risk or even that he failed to keep a lookout. As a plea of the assumpsion of risk, it is nowhere averred that the danger was obvious. There is no distinct averment in either of the pleas that plaintiff's intestate knew of the dangerous conditions existing at the culvert when he attempted to pass, or that they were of so obvious a character that he could, consistently with the performance of his duties, have ascertained these conditions.

The demurrer to plea 10 was properly sustained. The plea alleges that the injury complained of was the result of a mere accident incident to the work in which plaintiff's intestate was engaged. It is sufficient to say that, if the facts were true as stated, the defendant was not guilty of the negligence charged in the complaint and denied by the plea of the general issue.—*Going v. Steel & Wire Co.,* (Ala.) 37 So. Rep. 784; *Milligan v. Pollard,* 112 Ala. 465, 20 South. 620.

The averments of plea 12 are substantially the same as in pleas 7 and 8, with the added statement that as the result of the negligence of plaintiff's intestate, the defendant sustained damage to its cars, etc., in a sum stated, which the plaintiff offers to setoff against the demands sued for.

As we have already shown, the averments of the plea do not sustain the charge of contributory negligence; but if it were otherwise, the damages alleged to have been sustained could not be set off in an action of this character, where it is sought to recover damages for inju-

ries alleged to have resulted from defendant's negligence. Code § 27. In each of the cases cited to the proposition by appellant, the action was in assumpsit.

Plea "A" was interposed to the 7th count of the complaint, which alleges the negligent failure of the defendant to give warning to plaintiff's intestate of the dangerous conditions existing at the place where the injury occurred.

The plea alleges that defendant's servants did not know of those conditions in time to give such warning. Whether the defendant had made any efforts to inform itself, does not appear, and this failure to allege such effort was one of the grounds of demurrer interposed. *Robinson Mining Co. v. Tolbert,* 132 Ala. 462, 31 South. 519.

Moreover, if the defendant was guilty of no negligence in failing to warn plaintiff's intestate, that fact could have been shown on issue joined to the 7th count of the complaint, which alleged such negligent failure. What has been said disposes of the rulings upon the pleadings.

The remaining assignments of error are predicated upon rulings which must be shown by a bill of exceptions. The paper in the record, purporting to be a bill of exceptions, must be disregarded, because the order of April 29, 1903, extending the time for its signing was made by the court, and not by the judge.—*Arnett v. Western Ry. of Ala.* (Ala.) 34 South. 997; *Scott v. State,* (Ala.) 37 So. Rep. 366.

Affirmed.

McCLELLAN, C. J., SIMPSON and ANDERSON, JJ., concurring.