# McCombs v. The State.

## Assault With a Weapon.

(Decided May 9, 1907. 43 South. 965.)

1. *Criminal Law; Evidence; Res Gestae.*—Where defendant's evidence tended to show that prosecutrix and another were beating defendant at the time of the alleged cutting, and that there was but one difficulty between them, it was competent for the defendant to prove on cross examination of the state's witness, as part of the res gestae, that defendant was engaged in the fight with prosecutrix and another.

2. *Same; Requested Charge; Manner of Request.*—Where several charges were requested in a criminal case and all of them were written upon the same slip of paper and asked in bulk it was not error to refuse them all, if any one of them was objectionable.

APPEAL from Elmore Circuit Court.

Heard before Hon. A. H. ALSTON.

Ellie McCombs was indicted for an assault with intent to murder and convicted of assault with a weapon, and she appeals. Reversed and remanded.

The defendant was indicted for assault with intent to murder Elizabeth Moore. The testimony tended to show that the witness Moore and the defendant and others were at a party, and that, as she went out of the door to the veranda on her way to another room, the defendant cut her on the back with a razor, and as she turned around defendant cut her on the left side. The state then introduced another witness, who testified practically to the same facts as the witness Moore, and the solicitor asked her what occurred there that night. She answered "that Ella, the defendant, and Francis was just fighting." The solicitor moved to exclude the answer, which motion was granted, and the defendant excepted. The defendant then asked the witness how long Ella, Francis, and Elizabeth had been fighting, and the state interposed an objection to the question, which was sustained. The state then introduced Gilmer, who testified substantially to the same state of facts, and, in reply to a question by the state as to what he knew about the difficulty between the prosecuting witness, Moore, and the defendant, answered, "They were out there quarreling." This answer was excluded on motion of the solictior. On cross-examination witness said he did not know what started the difficulty, did not know the time of night, and was asked by the defendant's counsel if he saw all the difficulty, and if Ella, Francis, and Lizzie were all fighting at the same time, and the witness answered, "Yes." This answer and the question were excluded by the court. The defendant requested a number of charges, all of which were asked on the same sheet of paper, and at the bottom of which the judge wrote, "Refused." The first charge was in the following language: "The court charges the jury that, if the defendant was free from fault in bringing on the difficulty, she ought to be ac-

quitted." There were other charges, but they are not necessary to be set out. The jury found the defendant guilty of an assault with a weapon, and sentenced her to pay a fine of $150.

No counsel marked for appellant.

ALEXANDER M. GARBER, Attorney General, for State. —No brief came to the Reporter.

ANDERSON, J.—Elizabeth Moore, who was cut by the defendant, testified as to the cutting, and that they had no previous difficulty; nor did she say they were having one at the time of the cutting—the inference being that the defendant cut her without cause or provocation. The defendant's evidence showed that Elizabeth Moore and "Francis" were beating her with sticks at the time of the cutting, and that there was but one difficulty. The defendant should have been permitted, upon cross-examination of the state's witness, to show that she was engaged in a fight with Elizabeth and Francis, and to bring out all facts connected with the cutting, which may have been part of the res gestæ.

It appears from the bill of exceptions that charges 1, 2, 3, 4, 5, and 6, requested by the defendant, were all upon the same slip of paper, and were refused in bulk by the trial court; and the action of the court in so refusing was proper, unless all the charges were good. It is sufficient to say that charge 1 was bad. It was elliptical; but, if not bad for that reason, it pretermitted all the elements of self-defense, other than freedom from fault in bringing on the difficulty.—*Pearson v. State,* 115 Ala. 115, 22 South. 502.

The other charges requested by the defendant are manifestly bad, and were properly refused.

[Freeman v. The State.]

For the error above designated, the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

Tyson, C. J., and Dowdell and McClellan, JJ., concur.