[Boyd v. The State.]

# Boyd *v.* The State.

*Receiving and Concealing Stolen Property.*

(Decided Feb. 6, 1908.  45 South. 634.)

1. *Criminal Law; Judgment; Conformity to Verdict.*—Where the indictment charged a felony and the former verdict was for a misdemeanor, which was reversed on appeal, a verdict on the second trial finding the defendant guilty as .charged in the indictment, a judgment that defendant was guilty of a misdemeanor, conformed to the verdict.

2. *Same; Refusal to Read Instructions; Waiver.*—Where a requested instruction was, marked given by the judge and handed to the jury without a request from the defendant to read it to the jury until the jury had left the box, the defendant is not entitled to an exception to a refusal by the court to read the instruction to them.

3. *Same; Giving Instructions.*—If defendant does not request that instructions be read to the jury before they leave their box such instructions are sufficiently given when the judge endorses thereon the word, "given" and hands them to the jury with the statement that they are given at the request of the defendant.

4. *Same; Instructions Covered by Instructions Given.*—It is not error to refuse requested instructions fully or substantially covered by requested instructions given.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Pink Boyd was convicted of receiving or concealing stolen property and he appeals.  Affirmed.

BLACKWELL & AGEE, for appellant.—The judgment does not conform to the verdict.—*People v. Johnson,* 71 Cal. 384.  The defendant cannot be punished where the sentence rests on a judgment indicating an offense different from that of which he was found guilty by the jury.—*Herrington v. The State,* 87 Ala. 1; *Zaner v. The State,* 90 Ala. 650; *Johnson v. The State,* 94 Ala. 35; New's testimony stated a conclusion, and his answer was not a shorthand rendering of fact.—*Alexander v. Han-*

*ley,* 96 Ala. 220; *Clark v. Ryan,* 95 Ala. 406; 17 Cyc. 223. The defendant was entitled to have his charges read to the jury.—*A. G. S. Ry. Co. v. Arnold,* 80 Ala. 609; *Langworthy v. Myers,* 14 Clark 18; Sec. 613, Code 1896. There could be no conviction of the defendant in this case because the offense complained of was done by the consent of the owner.—*Allen v. The State,* 40 Ala. 434; 1 Bishop Crim. Law, parag. 570.

ALEXANDER M. GARBER, Attorney General, for the State.

McCLELLAN, J.—This is the second appeal in this case.—*Boyd v. The State,* 150 Ala. 101, 43 South. 204. The indictment charged the value of the concealed and stolen property to be above that necessary to constitute a felony. After reversal, upon the succeeding trial below, "it was agreed by the state and defendant that as the defendant had been convicted on a former trial of the misdemeanor charged in the indictment, and this amounted to an acquittal of the felony charge, the prosecution should be only for the misdemeanor charged therein." The jury's verdict found the defendant guilty as charged in the indictment. The point is attempted to be now taken that the judgment does not follow the verdict, in that it adjudges the defendant guilty of a misdemeanor. Counsel for defendant, in their argument to this point, make no reference to the agreement above copied from the bill of exceptions. Of course, the defendant is not injured in any event, cannot repudiate his agreement, and, besides, the lesser grade of offense was charged, inclusively, in the greater.

Near two score special charges were requested by the defendant, and with very few exceptions they were in-

dorsed "Given" by the trial judge, but were not read to the jury. The court accompanied their delivery to the jury with the statement, "These are some written charges given at the request of the defendant;" and this was followed by the direction to the jury, viz., "You may retire." Whereupon the jury left the jury box and were proceeding to the door of the courtroom, and the defendant's counsel "then requested the court to give the defendant an exception to his refusal to read the written charges to the jury and the court said that he would note an exception to his refusal to read the written charges to the jury, only with the statement that it had been requested after the jury had been discharged from the box." It is, of course, the common practice, in the giving of special written charges, to read them to the jury, and doubtless the purpose therein is correctly stated in *A. G. S. R. R. v. Arnold,* 80 Ala. 608-609, 2 South. 337. But the exception in that case, presenting the action of the lower court for review, was predicated upon the request of the defendant's counsel, addressed to the court, "to read or to permit defendant's counsel to read the charges given by the court to the jury," and the refusal of the court to do so—a very different status to that now under consideration. The exception here pressed is not based upon any refusal of the court at all, since it does not appear that any request thereunto was made by defendant's counsel. The omission to conform to the practice is in no sense a refusal to accord the right to have the charges read. Non constat the court may, from mere inadvertence, have omitted the reading of the charges to the jury. Aside from the inaptness of the exception, the exception, if otherwise serviceable, came too late after the jury had retired from its place. If the defendant's counsel saw fit to rely upon the courts' reading the charges to the jury until the jury retired and this with-

out directing the court's attention to the omission, the injury, if any, must be attributed to the dereliction of counsel, and not to error of the court.

There is no merit in the insistence that charges are not "given," in the contemplation of the statute (Code 1896, § 3328), unless they are read to the jury. The statute makes no such requirement, and that method—reading—is controlled by the general practice in the premises. The charges were "given" to the jury, and they were orally informed by the court that the charges were given at the request of the defendant. The omission to read them to the jury merely affected the method pursued, and did not operate to deny to the defendant any provisions of the statute (section 3328). In the numerous special charges given at the request of the defendant the jury were instructed with the utmost favor to the defendant, and the charges refused to him were fully covered by many of those given.

A careful consideration of the other rulings assigned reveals no error prejudicial to the defendant. The judgment of conviction is affirmed.

Affirmed.

Tyson, C. J., and Dowdell and Anderson, JJ., concur.