# Scientific American Compiling Department *v*. Gillespie.

## *Assumpsit.*

(Decided April 11, 1912.   Rehearing denied May 4, 1912.
58 South. 756.)

1. *Appeal and Error; Review; Scope.*—On appeal from an order granting a new trial, the court cannot review assignments of error based on rulings having no connection with the motion.

2. *New Trial; Order Granting; Review.*—Unless the evidence plainly and palpably supports the verdict, an order of the trial court granting a new trial will not be disturbed on appeal.

3. *Same; Grounds; Excessiveness of Verdict.*—Where the action was on a contract of sale of subscription books and the contract was broken, and the action brought before all the installments were due, a verdict awarding plaintiff the total amount of the unpaid installments with interest on those past due without any abatement for the amount of those not yet due, was erroneous, and authorized an order granting a new trial on the ground that the verdict was excessive.

4. *Damages; Contract; Breach; Present Value.*—The present value of a contract entitling one to payments of money in installments, some of which are not yet due, must be less than the aggregate amount of the unpaid installments with interest added on those past due.

Appeal from Birmingham City Court.

Heard before Hon. H. A. Sharpe.

Action by the Scientific American Compiling Department against T. O. Gillespie for breach of contract. Judgment for plaintiff which was set aside on motion for new trial, from which order plaintiff appeals. Affirmed.

Sterling A. Wood and Clement R. Wood, for appellant.   Section 2846, Code 1907, as amended, General Acts 1911, p. 198, regulates appeals from decisions on motion for new trial, and under its provisions, this court has power to grant new trials or to correct error in granting them by the circuit court.   Some of the ques-

tions attempted to be here raised were not raised or insisted on in the trial court.—186 Fed. 742. The court improper permitted the defendant below to testify to the transaction that occurred between him and plaintiff's agent when the books were purchased.—*Fulton v. Snow,* 145 Ala. 331.

DENSON & DENSON, for appellee. The appeals bring up for revision only the action of the court on motion for new trial.—*Karter v. Peck Bros.,* 121 Ala. 638; *Chambers v. Morris,* 144 Ala. 627; *Woodward I. Co. v. Brown,* 167 Ala. 320. The evidence does not plainly and palpably support the verdict, and hence, the action of the court in granting the new trial will not be reviewed.— *Killian v. Killian,* 169 Ala. 501; *Hervey v. Hart,* 149 Ala. 607; *White v. Bliar,* 95 Ala. 148.

WALKER, P. J.—The appeal being from an order or judgment of the trial court granting a motion for a new trial, there is nothing of which the appellant can complain except the action of the court with respect to that motion.—*Karter v. Peck & Bro.,* 121 Ala. 636, 25 South. 1012; *Chambers v. Morris,* 144 Ala. 627, 39 South. 375; *Woodward Iron Co. v. Brown,* 167 Ala. 316, 52 South. 829. This proposition excludes from consideration assignments of error based upon rulings having no connection with the motion for a new trial.

The rule is well established that the action of a trial court in granting a new trial will not be disturbed on appeal unless the evidence plainly and palpably supports the verdict.—*Hervey et al. v. Hart,* 149 Ala. 604, 42 South. 1013, 9 L. R. A. (N. S.) 213, 123 Am. St. Rep. 67, 12 Ann. Cas. 1049.

One of the grounds of the motion for a new trial was that the verdict was excessive, and another ground was

that the court erred in the statement in its oral charge as to the measure of damages in the case. There was no evidence tending to prove that the defendant was ever indebted to the plaintiff otherwise than under the terms of a written contract bearing date May 6, 1910, which embodied an order for a set of books containing 16 volumes at the price of $6.50 per volume, payable one volume a month; $6.50 having been paid at the time the order was given. The suit was brought in February, 1911, and was tried on June 1, 1911. The verdict was for $99.84. By this verdict, rendered before the maturity of some of the monthly installments, the plaintiff was awarded the total amount of the unpaid installments with interest on those past due, without any abatement of the amount of those not then due. The result was to allow the plaintiff as damages for the breach or repudiation of an installment contract the whole amount called for by its terms before part of it was due; interest on the part past due being included. This was something more than compensation for the loss plaintiff could have sustained. Conceding that the defendant's breach or repudiation of the contract entitled the plaintiff to full satisfaction in this suit, the extreme limit of its claim of damages was the value of its contract at the time the verdict was rendered.—*Pierce v. Tennessee Coal, etc., Co.,* 173 U. S. 1, 13, 19 Sup. Ct. 335, 43 L. Ed. 591.

The present value of a contract entitling one to payments of money in installments, some of which are not yet due, must be less than the aggregate amount of the unpaid installments with interest added on those past due. The cash in hand is more desirable than an obligation for the same amount payable at some time in the future. If the charges of the court as to the measure of damages can be construed as authorizing or requiring the jury to award the amount for which the verdict was

rendered if they found in favor of the plaintiff, the granting of a new trial was justifiable because of that error in instruction. If the charge as to the measure of damages is not to be construed as involving that error, the court was warranted in setting aside the verdict as excessive because of the failure of the jury to make any deduction for the amount of the installments not due at the time the verdict was rendered. It cannot be said that the evidence plainly and palpably supported a verdict for the amount awarded. It is not to be presumed that the verdict would have been set aside if the plaintiff had proposed or consented to a suitable deduction from the amount of it.

Affirmed.