# Anderson *v.* Anniston Electric & Gas Co.

## *Injury to Passenger.*

(Decided November 12, 1914. 66 South. 925.)

1. *Appeal and Error; Review; Matters Presented.*—Generally speaking an appeal brings up for review only the matters or order appealed from.

2. *Same; Matters Presented.*—Where there is no statement in the bill of exceptions showing that the charges were requested in writing, or that they were either given or refused by the court, they are not presented for review.

3. *Same; Waiver.*—A brief on appeal which contains nothing but a re-statement of the assignments of error without citation of authority or argument, constitutes a waiver of such assignment.

4. *Charge of Court; Requests in Bulk.*—Unless all the charges are good, no error is shown where the charges are requested and refused in bulk.

5. *Negligence; Contributory Negligence; Instructions.*—A charge on contributory negligence which makes it essential that plaintiff be reckless in order to be guilty of contributory negligence, is properly refused.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Action by M. N. Anderson against the Anniston Electric & Gas Company, for injuries to him as a passenger. Judgment for defendant, and plaintiff's motion for new trial being overruled, he appeals. Affirmed.

CHARLES F. DOUGLASS, for appellant. Counsel discusses the refusal of the court to grant a new trial, first, because of a refusal of the court to give a certain charge set out in the second ground thereof, and in support thereof cite *B. R. L. & P. Co. v. Lide,* 58 South. 991; *Same v. Lee,* 153 Ala. 79. Counsel further insists that the court erred in overruling the twelfth ground of the motion, and cites *Decatur Co. v. Mehaffey,* 29 South.

650; *A. M. R. R. Co. v. Jones,* 114 Ala. 519; 5 Enc. of Evid. 519. In the discussion of other matters, counsel merely repeats the assignment of error.

KNOX, ACKER, DIXON & STERNE, for appellee. The announcement of a station is not an invitation to alight from the moving car.—*Smith v. G. P. R. R. Co.,* 88 Ala. 538; *Calderwood v. B'ham Co.,* 96 Ala. 318. Plaintiff's charge 1 was correctly refused, as a party may be guilty of contributory negligence without being guilty of recklessness.—*B. R. L. & P. v. Bynum,* 139 Ala. 389; *So. Ry. v. Arnold,* 114 Ala. 183; 29 Cyc. 511. There was no error shown relative to evidence.—*L. & N. v. Banks,* 132 Ala. 487; *Jones v. Journey,* 2 Ala. App. 488; 17 Cyc. 36.

PELHAM, P. J.—The matters assigned as error do not show any ruling of the court injuriously affecting the substantial rights of the appellant that would authorize a reversal of the judgment, and in the assignment of errors the appellant complains of nothing except the action of the court on November 18, 1913, in refusing his motion for a new trial, and no appeal as authorized by statute is prosecuted from the decision or judgment of the court on this motion.—Code, § 2846. The only appeal taken as shown by the appeal bond and the certificate of the clerk is from the judgment rendered September 30, 1913, and all errors are assigned on the theory that the court erred in the subsequent judgment rendered in overruling appellant's motion for a new trial, from which judgment or order no appeal is prosecuted. The bill of exceptions is shown to have been presented to the trial judge more than 90 days after the judgment rendered on September 30, 1913. Generally an appeal brings up for review only the or-

der appealed from.—*Dickens v. Dickens,* 174 Ala. 345, 56 South. 809; *Scient. Am. Co. v. Gillespie,* 4 Ala. App. 590, 58 South. 756. There are well-considered cases holding that on an appeal from the final judgment subsequent orders are not reviewable.—See 2 R. C. L. § 160, and authorities cited in note 6. But even if it should be conceded that the scope of the appeal in this case would permit a consideration of the assignment of errors relating entirely to a subsequent order, as an incident to the appeal taken, and however that may be, the errors assigned do not, as we have said, present any meritorious question or any matter that would justify a reversal or require extended discussion of the case.

The charges urged upon us for review are only set out in the bill of exceptions as contained in and forming a part of the plaintiff's (appellant's) motion for a new trial, which is followed by this recital: "The charges set out in the foregoing motion were presented to the court before the jury retired." For aught appearing, the charges were requested in bulk, and unless all were good, there could be no reversal on that account.—*McCombs v. State,* 151 Ala. 7, 43 South. 965. The refused charge principally complained of by appellant's counsel in brief as constituting error is bad, if for no other reason, because of the use of the word "recklessly." It is not essential that the act of negligence should be reckless to make the plaintiff guilty of that degree of contributory negligence that would bar a recovery.—*Birmingham Railway, L. & P. Co. v. Bynum,* 139 Ala. 389, 36 South. 736. It is enough to say as to the other charges that we are asked to consider that there is no statement in the bill of exceptions proper showing that the charges were requested in writing or that they were either given or refused by the court, and therefore no

question of error vel non in the ruling of the trial court on these charges is presented.

We find no reversible error in the trial court's rulings on the evidence. As to several of the errors assigned, appellant's brief contains but a restatement of the assignment without citation of authority or argument, and this constitutes a waiver under the rules and holdings of the Supreme Court.—*Hodge v. Rambow,* 155 Ala. 175, 46 South. 678; *Western Ry. Co. v. Russell,* 144 Ala. 142, 39 South. 311, 113 Am. St. Rep. 24.

Affirmed.