(75 South. 702)
BURK v. STATE. (8 Div. 494.)

(Court of Appeals of Alabama. May 29, 1917.)

1. CRIMINAL LAW ⟨key⟩798(1)—INSTRUCTIONS—DOUBT OF INDIVIDUAL JURORS.

It is not error on the part of the trial court to refuse to charge the jury that it is the duty of each juror who has a reasonable doubt of the guilt of the defendant not to yield his conviction simply because all the other jurors disagree with him.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1940.]

2. CRIMINAL LAW ⟨key⟩830—INSTRUCTIONS—MANNER OF REQUEST FOR.

Where a charge states several distinct propositions of law, the court may properly refuse all if any one of them is unsound.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2012, 2017.]

3. CRIMINAL LAW ⟨key⟩829(1)—INSTRUCTIONS—MANNER OF REQUEST FOR.

Where a charge states several distinct propositions of law, the court may properly refuse it if some of them are fully covered by special charges given at the instance of the same party.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2011.]

Appeal from Circuit Court, Colbert County; C. P. Almon, Judge.

Aubrey Burk was convicted of crime, and appeals. Affirmed.

Jackson & Deloney, of Tuscumbia, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

BROWN, P. J. The only questions presented for review arise from the refusal of certain special charges requested by the defendant.

The refusal of charges 5 and 7 might well be justified on the ground that they are argumentative; however, the principles of law asserted therein were given to the jury in the oral charge of the court, and also in charges 1, 2, and 6, given at the request of defendant.

[1] Charge 2, requested by defendant, undertakes to state six distinct propositions of law, the first of which is thus stated:

"It is the duty of each juror to decide the issue for himself; and if there is any juror who has a reasonable doubt of the guilt of defendant, it is his duty to stand by his conviction, and he should not yield simply because every other juror may disagree with him." This is not the law. Troup v. State, 160 Ala. 125, 49 South. 332; Diamond v. State, 15 Ala. App. 33, 72 South. 558.

[2] The first proposition stated in the charge being unsound, the court was under no duty to separate it from the other propositions, and properly refused all. Pearce v. State, 115 Ala. 115, 22 South. 502; McCombs v. State, 151 Ala. 7, 43 South. 965.

[3] Charge 6, refused to the defendant, states seven distinct propositions of law, some of which are fully covered by the special charges given at defendant's instance, and the court refused this charge without error. Boyd v. State, 154 Ala. 9, 45 South. 634.

We find no error in the record, and the judgment is affirmed.

Affirmed.