(107 So. 228)

## BROWN v. KEVORKIAN. (6 Div. 768.)

(Court of Appeals of Alabama. Feb. 9, 1926.)

1. Appeal and error ⟖1078(1).

Assignments of error, not insisted upon in brief, are waived.

2. Bills and notes ⟖489(5)—Testimony tending to prove fraud properly excluded, under plea of general issue, with leave to give evidence of any matter as if specially pleaded, where defense of fraud had not been suggested or developed.

In action on note, testimony of defendant's witness as to price of Florida land *held* properly excluded as not relating to any issue before court, under plea of general issue in short by consent, with leave to give in evidence any matter as if specially pleaded, where no defense of fraud had been suggested or developed at time question was asked.

3. Evidence ⟖545—Question as to whether witness was familiar with prices of land in county held too general.

In action on note, questions as to whether witness was familiar with prices of land in county, as showing fraud in consideration for note, *held* too general.

4. Trial ⟖46(1)—Under plea of general issue, with leave to give evidence on any matters as if specially pleaded, defendant must inform court as to what he expects to prove by evidence objected to.

In action on note, testimony relative to prices of Florida land *held* properly excluded under plea of general issue in short by consent, with leave to give evidence of any matter as if specially pleaded, where court had not been informed as to what was expected to be proved by such testimony.

5. Witnesses ⟖363(2)—Examining own witness by defendant, relative to commission received by him for aiding plaintiff in making sale to defendant held improper as being impeachment of own witness.

In action on note, where defendant examined witness relative to plaintiff making sale of land to defendant question as to witness' commission for aiding in sale *held* inadmissible as impeaching own witness.

6. Appeal and error ⟖1058(2)—Later admission of testimony cures any possible error in former exclusion.

Where witness later testified to fact of employment and compensation by plaintiff, any possible error in previously excluding testimony introduced by defendant relative to commissions was cured.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action on promissory notes by Z. H. Kevorkian against Richard T. Brown, Jr. From a judgment for plaintiff, defendant appeals. Affirmed.

Benton & Bentley, of Bessemer, for appellant.

Counsel argue for error in rulings on evidence and cite Kenner v. Almon, 80 So. 449, 202 Ala. 367; Standard Motorcar Co. v. McMahon, 82 So. 188, 203 Ala. 158, 39 Cyc. 1972.

Mathews & Mathews, of Bessemer, for appellee.

Assignments not insisted upon will be considered as waived. Rhodes & Son v. Charleston, 41 So. 746, 148 Ala. 671;[1] W. of A. v. Russell, 39 So. 311, 144 Ala. 142, 113 Am. St. Rep. 24. Defendant having failed to inform the court what was expected to be proven by the questions asked, there was no reversible error in sustaining objections. Farley v. Bay Shell Road, 27 So. 770, 125 Ala. 184; Ross v. State, 36 So. 718, 139 Ala. 144; Parham v. State, 42 So. 1, 147 Ala. 65; Tolbert v. State, 6 So. 284, 87 Ala. 27; Carwile v. Carwile, 31 So. 568, 131 Ala. 606.

SAMFORD, J. [1] Assignments of error not insisted upon in brief are waived. Rhodes & Son Co. v. Charleston, 41 So. 746, 148 Ala. 671[1]; W. Ry. of Alabama v. Russell, 39 So. 311, 144 Ala. 142, 113 Am. St. Rep. 24.

[2-4] The plaintiff made out his case as to principle and as to a reasonable attorney's fee and rested. The defendant introduced R. J. Wilson as a witness in his behalf, to whom was propounded the following questions:

"Along about 1919, the first part of the year, were you familiar with the prices of that land?" "I will ask you if you were familiar with the prices of land in Marion county?"

The witness had just testified that he was familiar with some of the land in Marion county. There are at least three reasons why the court was not in error in ruling upon this question. In the first place, at the time these questions were asked, they did not relate to any issue then before the court. True the plea was the general issue in short by consent, with leave to give in evidence any matter of defense as if the same had been specially pleaded, but at the time these questions were asked no defense of fraud had been suggested or developed to such an extent as that the value of the land in Marion

---

⟖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Reported in full in the Southern Reporter; not reported in full in Alabama Reports.

county, Fla., could have been made relevant. In the second place, even if the value of the land, subsequently shown to have been the consideration for the notes sued on, had at the time been relevant, the questions are too general. 22 Corpus Juris, 182. In the next place, upon the court's ruling, it was incumbent on defendant to have informed the court as to what he expected to prove, and this he did not do. Parham v. State, 42 So. 1, 147 Ala. 57.

That the Lake Nursery Company of Marion county, Fla., handle citrus fruit trees and plant orchards is entirely foreign to any issue presented in this case.

[5, 6] P. M. Darden was examined as a witness by defendant. That he aided the plaintiff in making sale of land in Florida to defendant, might be relevant, but, as to his commission for doing so, that could only be admissible for impeachment purpose, and a party may not impeach his own witness. Moreover, this witness later testified to the fact of employment and compensation by plaintiff, which cured any possible error.

Upon a reading of all the testimony, we become apprised of the fact that the defense to the action is based upon a claim of fraud on the part of plaintiff in the sale of certain lands in Marion county, Fla. This fact does not appear in the record until the examination of defendant as a witness in his own behalf, and after all the other witnesses for defendant had been examined. It will therefore be seen how important it was for defendant's counsel to state what the defendant expected to prove by witnesses to whom he was propounding questions as to the value of the land for growing citrus fruit, questions calling for testimony apparently irrelevant, but which might have been made relevant by informing the court of his defense and what he expected to prove. It is permissible to plead, "in short by consent, etc.," and under the issue thus made to introduce evidence tending to show fraud, but to put the court in error in rulings on the admission of evidence, disclosures of what defendant expects to prove is demanded. This is much more important, and the rule will be more strictly applied in cases where fraud is sought to be established under the general issue in short, etc., than in cases where the plea of fraud is pleaded in extenso.

Under the rules as laid down, assignments 9 and 10 are waived.

The excerpt from the court's oral charge, when taken and considered along with the entire charge, states a correct proposition. Consumers' Coal & Fuel Co. v. Yarbrough, 69 So. 897, 194 Ala. 489.

We find no error in the record, and the judgment is affirmed.

Affirmed.

