# Merrill *v.* Brantley & Co.

| 133 | 537 |
| 141 | 334 |

### *Action for Money Had and Received.*

1. *New trials; review of judgment granting same.*—When an appeal is taken from an order of the trial court granting a new trial, the Supreme Court will not reverse such judgment, unless the evidence plainly and palpably supports the verdict.

APPEAL from the Circuit Court of Crenshaw.

Tried before the Hon. R. L. HARMON, Special Judge.

This was an action for money had and received, brought by the appellees, T. K. Brantley & Co., a partnership, against the appellant, William J. Merrill, Sr., in which the plaintiff sought to recover money paid by them to the defendant for the purchase of cotton. The facts of the case are sufficiently stated in the opinion.

There were verdict and judgment rendered in favor of the defendant.   The plaintiffs made a motion for a new trial upon the ground that the verdict was contrary to the evidence, and that the plaintiffs had newly discovered evidence, which showed that they did not know that the cotton purchased by them was the cotton upon which they had a mortgage.   Upon the hearing of this motion the court granted the motion and ordered a

new trial. From the judgment granting the motion and ordering a new trial the defendant appeals, and assigns the rendition thereof as error.

C. E. HAMILTON and J. O. SENTELL. for appellant. Money paid with the full knowledge of the facts is not recoverable back.—3 Brick. Dig., 52, § 20; *Welch v. Mayer*, 48 Ala. 291.

RUSHTON & POWELL, *contra*.—The granting of new trials is largely a matter of discretion. This court will not reverse such a judgment unless the evidence plainly and palpably supports the verdict.—*Cobb v. Malone*, 92 Ala. 630; *White v. Blair*, 95 Ala. 147; *Holland v. Howard*, 105 Ala. 538.

SHARPE, J.—Plaintiffs held a first mortgage on cotton grown by one Wallace to secure a debt amounting to more than the value of the cotton. Defendant held a second mortgage on the same cotton taken after plaintiffs' had been duly recorded. After the cotton was gathered, baled and placed in a warehouse, defendant sold it together with other cotton to plaintiffs. Plaintiffs now sue to recover back the money paid for the cotton claiming they purchased under a mistaken belief that defendant owned the cotton and without knowing it was the same cotton covered by their mortgage.

By their purchase plaintiffs obtained no appreciable benefit since they already had a paramount interest in the cotton equaling it in value and defendant parted with nothing except an equity of redemption, worthless because the sum required to redeem would have exceeded the value of the cotton. The money was, therefore, paid without any substantial consideration and is subject to be recovered as it equitably belongs to the plaintiffs, unless they are in the attitude of having paid it voluntarily with notice of the facts, in which case they would be without remedy.

To disentitle a party, on such ground, to recover, it must appear that he had actual knowledge of the attendant facts which were calculated to influence the making

[Ingram *et al.* v. Bussey.]

or withholding of the payment. For that purpose knowledge is not necessarily imputed by possession of the means of learning the real facts.—*Young v. Lehman, Durr & Co.*, 63 Ala. 519; *Rutherford v. McIvor*, 21 Ala. 750. The fact that plaintiffs knew defendant, as well as they, had a mortgage on Wallace's crop did not as a legal conclusion charge them with knowledge that the cotton sold them by defendant was part of that crop.

Whether plaintiffs had such knowledge was the main question of fact involved. The latitude allowed to the trial court's discretion in passing on motions for new trial is such that this court will not reverse a judgment granting the motion unless the evidence "plainly and palpably supports the verdict."—*Cobb v. Malone*, 92 Ala. 630. That rule applied to the evidence in this case works the conclusion that the judgment be affirmed.