# Smith *v.* Tombigbee & Northern Ry. Co.

*Action against Railway Company to recover Damages
for Personal Injuries.*

1. *Granting motion for a new trial; how considered on appeal.*—
   When in the trial of a case the evidence is conflicting, and
   after judgment has been rendered, a new trial is granted on
   motion properly made, and from the judgment granting the
   motion an appeal is taken, the Supreme Court will not reverse
   the judgment granting a motion for a new trial unless after
   a careful perusal of the testimony, and upon mature reflec-
   tion, the court is satisfied that the preponderance of the evi-
   dence is manifestly and palpably in favor of the verdict.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WM. S. ANDERSON.

This action was brought by the appellant against the
appellee to recover damages for personal injuries alleged
to have been sustained by the plaintiff, who was in the
defendant's employ, by reason of the defendant's negli-
gence. The plaintiff claimed $10,000 damages. There
were verdict and judgment in favor of the plaintiff, fix-
ing his recovery of damages at $10,000. Thereupon the
defendant moved the court to set aside the judgment,
and to grant it a new trial. The court granted this mo-
tion and to this ruling the plaintiff duly excepted. The
present appeal is prosecuted from the judgment of the

court, granting the defendant's motion for a new trial. Under the opinion on the present appeal it is unnecessary to set out the facts in the case.

GREGORY L. & H. T. SMITH, for appellant.

E. L. RUSSELL & SAFFOLD BERNEY, *contra*, cited *Cobb v. Malone & Collins*, 92 Ala. bottom of p. 632; *Karter v. Peck & Bro.*, 121 Ala. p. 637; *First Nat. Bank v. Chaffin*, 118 Ala. 246.

TYSON, J.—The appeal in this case is from a judgment granting a new trial. The motion assigns a number of grounds.

The record does not disclose, if that were important, upon what ground the court granted it. If it can be affirmed that it was not improperly granted upon any ground the judgment cannot be reversed. The third assignment is that "the verdict is contrary to the evidence; and the fourth is that "the verdict is contrary to the preponderance of the evidence."

The case was tried on the 4th and 5th counts of the complaint as amended and two pleas, numbered 1 and 3 filed thereto. Plea numbered 1 is the general issue. Plea numbered 3 is special and sets up accord and satisfaction of plaintiff's demand before the institution of the action.

Plaintiff's insistence is that the counts, upon which the case was tried, sufficiently aver wanton or intentional injury. The trial court seems to have taken this view of them. Whether they do or do not, is not necessary to be here determined. Assuming the correctness of this insistence, the testimony upon the issue presented by them was in conflict and the determination of that issue was for the jury. And so too, the determination of the issue presented by defendant's special plea of accord and satisfaction was for the jury. But it does not follow from this that the court's action in granting the motion must necessarily be reversed. Nor did we so hold in *L. & N. R. R. Co. v. Sullivan*, 126 Ala. 95, 102, as appellant's counsel seems to suppose. We simply pretermitted

a decision of the correctness of the court's action in that case as to the grounds of the motion "that the verdict was contrary to the evidence" and "that it was contrary to the law and evidence."

The rule, as we understand it, applicable here, is, that "the latitude allowed to the trial court's discretion in passing on motions for new trial is such that this court will not reverse a judgment granting the motion unless the evidence plainly and palpably supports the verdict. —*Cobb v. Malone,* 92 Ala. 630;" *Merrill v. Brantly,* 133 Ala. 537.

Where the evidence is conflicting as in this case and a new trial is granted, perhaps a more accurate statement of the rule would be that this court will not reverse the judgment unless the evidence is plainly and palpably in favor of the verdict. As said by the Supreme Court of Minnesota in *Hicks v. Stone,* 13 Minn. 434 (Gil. 398) : "If upon a careful perusal of the testimony and upon mature reflection, we feel satisfied that the preponderance of the evidence is manifestly and palpably in favor of the verdict, we should deem it our duty to reverse an order granting a new trial." This is really and practically what is meant in *Cobb v. Malone,* where the rule is first declared by this court, to be that decisions granting new trials will not be disturbed "unless the evidence plainly and palpably supports the verdict." This rule is founded partly upon the fact that the trial judge's opportunity for pronouncing upon the weight and convincing power of the testimony is better than ours. As said in *Dillard v. Savage,* 98 Ala. 598 : "The trial judge heard the testimony of the witnesses, observing their manner, and had better opportunity for pronouncing upon its weight and convincing power than we do." See also *Karter v. Peck,* 121 Ala. 636.

This consideration is appropriate to this case, and in view of it and the rule stated above, we are unable to say, after an examination of the evidence, that the court erred in ordering the new trial.

We have refrained from discussing the evidence lest what we should say might prejudice the determination

of the issues of fact upon another trial. This conclu-
sion also renders it unnecessary to notice any other
grounds of the motion, since, if they be not well taken,
the result would be the same.

Affirmed.