# Hervey, *et al. v.* Hart.

*Action for Damages Against Innkeeper by Guest.*

(Decided Dec. 18th, 1906.   42 So. Rep. 1013.)

1. *Innkeepers; Duty as to Furnishing Accommodations.*—In the absence of special contract under Section 2539, Code 1896, the common law rule measures the liability of an innkeeper, and while he may assign the guest to another proper apartment, he may not put him out of the apartment assigned him and

[Hervey, et al. v. Hart.]

refuse to furnish him other proper accommodations.

2. *Appeal; Review; Granting. New Trial.*—Unless the evidence plainly suports the verdict, the granting of a new trial for insufficient evidence will not be reviewed.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action by Loui Hart against Frank A. Hervey and others. Plaintiff was granted a new trial, and defendants appeal. Affirmed.

The cause of action as stated in the complaint was as follows: "Plaintiff claims of the defendant the sum of five thousand dollars damages, for that heretofore, to-wit, on the 15th day of February, 1904, the defendants were the keepers of an inn known as 'the 'Bienville Hotel' in the city of Mobile, and plaintiff, being then and there a traveler, applied to defendants to become a guest of said inn, and was by the defendants accepted as such guest and assigned a bed in a room numbered as 'Parlor A,' and after he had been so assigned to said room, and his baggage placed therein, he had occasion to be temporarily absent from said room, and while so absent, defendants caused plaintiff's baggage to be removed from said room, and upon plaintiff's return to said inn defendants refused to allow him the use of said room to which he had been assigned, and refused to furnish him any other proper accommodations, although it was then late in the night, and the city of Mobile was crowded with people visiting the Mardi Gras festivities, and defendants well knew that it was probably impossible for plaintiff to obtain, at that time, accommodations at any other inn in said city; and plaintiff avers that he was compelled to wander about the city for the greater portion of the night, seeking a place to sleep, and was wholly unable to obtain any accommodations until nearly morning, and that he was greatly mortified and his feelings hurt by his said treatment; that he was sick and greatly suffered, and was made tired by the exposure and effort necessarily made to obtain accommodations elsewhere, and was put to great expense for hack hire in driving from place to place seeking accom-

modations as aforesaid, all to his damage $5,000." Issue was joined upon the general issue.

ERWIN & MCALEER, for appellant.—An innkeeper has the right to remove a guest from one room to another provided the accommodation in the room to which he is removed are proper and suitable.—16 A. & E. Ency. of Law, (2nd Ed.) 524, note 4. Counsel discuss the granting by the court of a new trial to plaintiff, together with the evidence but cite no authority.

GREGORY L. & H. T. SMITH, for appellee.—The rule is, that this court will not reverse a judgment granting a motion for a new trial unless the evidence plainly and palpably supports the verdict.—*Merril v. Brantley*, 133 Ala. 530; *Smith v. T. & N. R. R. Co.*, 141 Ala. 332. Counsel discuss other assignments of error but cite no authority.

HARALSON, J.—Our statutes on the liability of innkeepers, provide that "in the absence of a special contract as is authorized by the succeeding section (2540) the right of guests and the liability of the keeper remain as at common law."—Code 1896, § 2539. The succeeding section, authorizes a special contract in writing between an inn or hotel keeper and guest, by which the liabilities of the parties may be regulated. It is unnecessary to set out this section, as there is no pretense, that there was any such contract between the plaintiff and defendants in this case. In *Beale v. Posey*, 72 Ala. 330, construing these sections, the court said: "The purpose of the statute is, to confer on the keeper of the unlicensed house of public entertainment the liability of receiving only such guests or boarders as may enter into a special contract with him. But if the keeper of such house does not enter into a special contract with the guest, furnishing him a memorandum thereof in print or in writing, limiting his liability, the common law intervenes, and from that, the measure of his liability must be ascertained.—*Lanier v. Youngblood*, 73 Ala. 587.

[Hervey, et al. v. Hart.]

In *Doyle v. Walker*, 26 U. C. J. B. 502, it was held, as the common law on the subject, that the innkeeper has the right and the sole right to select the apartment for a guest, and, if he finds it expedient, to change the apartment and assign the guest another, without becoming a trespasser in making the change. If, having the necessary convenience, he refuses to afford reasonable accommodations, he is liable to an action for damages.—16 Am. & Eng. Ency. Law (2d Ed.) 524, 525.

The plaintiff in this case, the appellee here, sued the defendants, who are appellants, to recover damages for the alleged reason that he was put out of the room to which he had been assigned by defendants in their hotel, and was refused proper accommodations in said hotel. The jury found for defendants, and the court, on motion of the plaintiff, set aside the verdict and granted a new trial. The grounds of the motion were: "1. Because the verdict was not supported by the evidence, as applied to the law as charged by the court. 2. Because the jury in rendition of the verdict, ignored the law as charged by the court. 3. Because the verdict is not supported by the evidence."

The well established rule in this court, as to granting new trials is, "that this court will not revise a judgment granting the motion, unless the evidence plainly and palpably supports the verdict."—*Merrll v. Brantley*, 133 Ala. 537, 31 South. 847; *Smith v. Tombigbee R. R. Co.*, 141 Ala. 332, 37 South. 389.

The theory of the plaintiff relied on for a recovery is clearly stated in the complaint, upon which, issue being taken, the case was tried. The plaintiff's evidence tended to support the complaint, but the evidence of the defendants was not entirely consonant therewith. In some of its more important phases, it conflicted, and different inferences might have been well drawn therefrom. It would be useless to review the evidence on each side, to do which would require time and labor. We have carefully read the evidence in consultation, and conclude that while it might justify, yet it does not "plainly and palpably support the verdict," without which condition, we cannot consistently with the

·rule of the court above announced reverse the judgment ·granting the motion for a new trial.

Under the averments of the complaint, the defendant was not liable, if he offered plaintiff proper accommodations in lieu of the room previously assigned to him.

The ruling on the motion for a new trial must be affirmed.

Affirmed.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.

