# McCrary v. Brawley & Yarbrough Brothers.

## New Trial.

(Decided May 6, 1907.   43 So. Rep. 787.)

*Appeal; Review; Granting New Trial; Evidence.*—Unless the evidence plainly and palpably supports the judgment an order granting a new trial for insufficiency of evidence will not be reversed on appeal.

APPEAL from Madison Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action begun by McCrary against Brawley & Yarbrough Bros. for damages for breach of warranty in the sale of a horse. The case was tried by the court without a jury and judgment rendered for plaintiff. On motion of defendant based upon the ground, 1st, that the judgment was against the weight of the evidence, 2nd, newly discovered evidence, and 3rd, that there was a variance between the allegation and proof, the court set aside the judgment and granted defendant a new trial, and from this judgment this appeal is prosecuted. Affirmed.

DAVID A. GRAYSON, for appellant.—Sufficient diligence in discovery of the newly discovered testimony was not shown to authorize the granting of a new trial. —*K. C. M. & B. R. R. Co. v. Phillips*, 98 Ala. 159; *McLeod v. Shelley Mfg. Co.*, 108 Ala. 81. While the Supreme Court will not disturb the judgment of the trial court in granting a new trial, as a general rule, it will do so in those cases where the evidence plainly and palpably supports the judgment rendered in the first instance.—*Cobb v. Malone*, 92 Ala. 630. Negative testimony counts for but little where there is positive testimony.

[McCrary v. Brawley & Yarbrough Brothers.]

WALKER & SPRAGINS, for appellee.—The record does not show upon which ground the motion was granted, and if the order was proper under either ground the trial court's action cannot be reversed.—*Karter v. Peck,* 121 Ala. 636. An order granting a new trial for insufficiency of the evidence to support the finding will not be reversed unless the evidence plainly and palpably supports the verdict.—*Merrill v. Brantley & Co.,* 133 Ala. 537; *Cobb v. Malone,* 92 Ala. 630; *Karter v. Peck, supra; White v. Blair,* 95 Ala. 147; *Dillard v. Savage,* 98 Ala. 598.

DOWDELL, J.—We were at first of the opinion that the evidence plainly and palpably supported the judgment of the court on the trial, and that under the rule laid down in *Cobb v. Malone,* 92 Ala. 630, 9 South. 738, the court erred in granting a new trial. A reconsideration of the evidence leads us to the conclusion that the evidence was not without conflict, and, this being true, we cannot say that the evidence "plainly and palpably" supported the verdict, or, rather, the judgment, as the case was tried by the court without a jury. The witnesses testified orally before the court, and what was said in *Karter v. Peck & Bro.,* 121 Ala. 636, 25 South. 1012, with respect to this, is applicable here.

The conclusion reached renders it unnecessary to discuss the question of newly discovered evidence. The judgment appealed from will be affirmed.

Affirmed.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.