# Rawls & Rawls, *et al. v.* J. T. Scott & Son.

### *Assumpsit.*

(Decided June 13, 1907.  44 South. 386.)

*Appeal; Setting Aside Verdict.*—An order setting aside a verdict because contrary to the evidence will not be reviewed, on appeal, unless the evidence in the transcript plainly and palpably supports the verdict.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

Assumpsit by T. J. Scott & Son against Rawls & Rawls and others. From a judgment setting aside the verdict for defendant and granting plaintiffs a new trial, defendants appeal. Affirmed.

O. C. DOSTER, H. L. MARTIN, and SOLLIE & KIRKLAND, for appellant.—The court improperly granted a new trial.—*Cobb v. Malone*, 92 Ala. 630; *Holland v. Howard*, 105 Ala. 538; *Perry v. King*, 117 Ala. 537. The proof as to the consideration of the note was properly admitted. —*Ramsey v. Young*, 69 Ala. 157.

J. F. SANDERS, for appellee.—Unless the evidence plainly and palpably supports the verdict, the lower

court will not be reversed for setting it aside.—*Merrill v. Brantley,* 133 Ala. 538; *Cobb v. Malone,* 92 Ala. 630. The court erred in the admission of certain testimony with reference to the consideration of the note inconsistent with and different from that expressed therein.— *Drennen v. Satterfield,* 119 Ala. 14; *Avery v. Miller,* 86 Ala. 498; *Hearst v. Johnson,* 96 Ala. 130; *Murphy v. Branch Bank,* 16 Ala. 90. Under the facts in this case, the payment set up did not operate as a discharge of the balance due defendant.—*Manasas v. Henry,* 96 Ala. 454; *Eufaula Bank v. Passmore,* 102 Ala. 270; *Hodges v. Tenn. Imp. Co.,* 123 Ala. 574; *Stegall v. Wright,* 38 South. 844.

DENSON, J.—This suit is based on a note for $500 executed by the defendants to the plaintiffs. The material defense set up was that before the commencement of the suit the defendants paid to plaintiffs $1,750 in full settlement of all demands held by plaintiffs against defendants, including the note sued on. The contested fact on the trial was whether or not the note sued on was included in the alleged settlement, and on the issue the evidence was sharply in conflict. The jury found in favor of the defendants; but the court, on motion made by the plaintiffs, on the ground, among others, that the verdict was contrary to the evidence, set aside the verdict and granted a new trial. From the judgment setting aside the verdict and granting a new trial the appeal was taken.

The trial judge had the witnesses before him, and heard their testimony and observed their manner of testifying, and therefore had better opportunity for pronouncing upon its weight and convincing power than we have. In other words, he had evidence before him that is not before us, and could not be brought here. Upon

an examination of the evidence in the record we cannot say that it is plainly and palpably in favor of the verdict, and we will not reverse the judgment setting aside the verdict granting a new trial.—*Smith v. Tombigbee & Northern Ry. Co.*, 141 Ala. 332, 37 South. 389.

Affirmed.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.