# Borden & Co. *v.* Vinegar Bend Lumber Co.

## *Assumpsit.*

### (Decided Nov. 14, 1911, 56 South. 775.)

1. *New Trial; Granting; Discretion of the Court.*—Unless the evidence plainly and palpably supports the verdict, the action of the trial court in granting a new trial will not be disturbed on appeal.

2. *Sales; Breach of Contract; Damages.*—Where the purchase will minimize the loss, the buyer may purchase from the seller, who fails to comply with the contract, without being held to have abandoned the orginal contract or to have waived any right of action for damages for breach thereof.

3. *Compromise and Settlement; Part Payment; Consideration.*—Where a claim is unliquidated and the balance above a specified sum is in dispute, the payment of the specified sum in settlement of the claim is not a consideration for the settlement of the entire claim, unless accepted in full, or unless there are mutual concessions attendant on the payment.

4. *Same; Accord and Satisfaction.*—Where the demand is unliquidated and the debtor pays by way of compromise something more than he admitted to be due in satisfaction of the entire debt, and the creditor accepts such payment, there is an accord and satisfaction of the entire claim.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL BROWNE.

Assumpsit by N. B. Borden & Co. against the Vinegar Bend Lumber Co. There was judgment for plaintiff and from a judgment granting the defendant a new trial, plaintiff appeals. Affirmed.

JOHN E. MITCHELL, for appellant. The expression f. o. b. vessel meant delivery on the vessel without charge to appellant.—*Elliott v. Howison,* 146 Ala. 568; *Nash v. Towne,* 5 Wall. 689. It was necessary for appellant to obtain the lumber elsewhere, and it was its duty to do so. as cheaply and expeditiously as it could and hold appel-

lee responsible for any excess over the contract price
and such reasonable and necessary expenses and loss as
was incurred.—*Watson v. Kirby*, 112 Ala. 445; *McFad-
den v. Henderson*, 128 Ala. 235. The amount paid to the
master of the vessel as demurrage was a part of the legi-
timate damage—5 Sutherland on Damage, section 663.
This, however, cannot be carried to the extent of requir-
ing the purchaser to consider any offer made by the party
in default on terms other than those specified in the con-
tract itself.—Authority supra and *Cook Mfg. Co. v. Ran-
dall*, 17 N. W. 507; 35 Barb. 515; 1 L. R. A. 669. Here
the judgment was not contrary to the evidence nor was
the verdict excessive and hence the court erred in grant-
ing a new trial.

STEVENS & LYONS and R. H. & R. M. SMITH, for ap-
pellee.—It is elemental that a contract for which there
is no consideration is void. There was a dispute as to
the amount in excess of a certain sum and there is no
consideration shown for the release of the balance.—
*Hand Lumber Co. v. Hall*, 41 South. 78. The appellees
were therefore entitled to their set off of that sum. The
appellant was required to minimize its damage and if it
could do so by a purchase from appellee it was its duty
to buy there.—*Lawrence v. Porter*, 26 L. R. A. 167.

PELHAM, J.—Appellant in the court below recov-
ered a judgment against appellee, and on the motion of
the appellee the trial court set aside the judgment and
ordered a new trial. The judgment of the circuit court
in setting aside the verdict and granting a new trial is
here assigned as error.

The grounds of appellee's motion for a new trial were,
in effect, that the judgment was excessive, contrary to
law, and contrary to the evidence.

A careful examination of the evidence set out in the bill of exceptions does not lead us to the conclusion that it so plainly and palpably supports the verdict set aside by the trial court in the exercise of its discretion as to authorize us, in reviewing the case, to reverse the order of the court in granting the motion.

The trial judge, having a better opportunity for pronouncing upon the weight and convincing power of the evidence, is given a discretion in passing upon motions for new trial, and his action will not be reversed where the discretion has been exercised in granting such a motion unless the evidence plainly and palpably supports the verdict.—*Cobb v. Malone*, 92 Ala. 630, 9 South. 738; *Smith v. Tombigbee & Northern R. Co.*, 141 Ala. 332, 37 South. 389; *Woodroof v. Hall et al.*, 157 Ala. 416, 47 South. 570.

The original suit was brought by the appellant against the appellee, seeking to recover $2,000 damages for breach of a contract to sell and deliver lumber, and appellee, besides the general issue, filed pleas of set-off, claiming $1,000 due it from appellant under a prior contract, to which claim appellant set up accord and satisfaction.

While we deem it necessary to lay down certain rules for the guidance of the court in another trial, we refrain from discussing the evidence at any length, lest what we might say should have a tendency to prejudice the issues of fact. On the proposition of mitigating the loss it is only necessary to say that we see no reason, as a matter of law, why the rule requiring the damaged party to minimize his damages as far as he can reasonably do so should exclude an obligation, to buy from the party breaching the contract if purchase can be made from him that will minimize the loss without abandoning the contract or waiving any right of action for damages for

a breach growing out of it. It seems to us that the rule to this effect is correct, as declared in *Lawrence v. Porter*, 63 Fed. 62, 11 C. C. A. 27, 26 L. R. A. 167.

We state the following rules as applicable to the evidence as now before us on the proposition of accord and satisfaction. No part of the $3,937.06 paid by the appellant under the former contract designated as "116 stump" can be regarded as a consideration for relinquishing the balance claimed by the appellee, as due on the contract and pleaded as a set-off in this suit, as no dispute existed between the parties as to this sum's being due and payable at the time it was paid, and no concession was made by the appellant in making this payment, so far as the evidence before us shows, that would be a good consideration for a concession made by the appellee in receiving the smaller amount in satisfaction of the entire claim. The claim was for an unliquidated demand and the balance over and above $3,937.06 only was in dispute. Then had appellant tendered and paid the smaller amount in settlement of the entire claim, and had the appellee accepted it without protest, in satisfaction of the entire debt, this would have been an accord and satisfaction.

Or had the appellant tendered and paid by way of compromise something more than it admitted to be due, in satisfaction of the entire debt, and had the appellee accepted such a compromise payment on an unliquidated demand, this would have been an accord and satisfaction of the entire claim. But unless some other consideration than the payment by the appellant of the undisputed $3,937.06 moved between the parties, or unless appellee received the payment in satisfaction of the entire claim under contract "116 stump," or there were mutual concessions attendant upon the payment and receipt of the smaller amount that would be a sufficient

·consideration, the appellant's special replication setting up accord and satisfaction of the demand claimed by appellee's pleas of set-off must fail.—*Hodges v. Tennessee Co.,* 123 Ala. 573, 26 South. 490; *Hand Lumber Co. v. Hall,* 147 Ala. 561, 41 South. 78.

The court committed no error under the established rules for reviewing orders granting new trials, and the ·case is affirmed.·

Affirmed.