# Borden & Co. *v*. Vinegar Bend Lumber Company.

### *Assumpsit.*

(Decided April 9, 1913.   62 South. 254.)

1. *Witnesses: Examination; Indefinite Question.*—Where a question may be answered by a conclusion of the witness and not by a statement of facts, it may be excluded as indefinite.

2. *Same.*—Where the buyer of lumber in a letter subsequent to the completion of the contract undertook to secure a berth for the vessel, a question as to the custom or usage regarding the payment of demurrage was not proper, since that might have included the payment of demurrage due to the failure to secure such berth.

3. *Appeal and Error; Review; Cured by Subsequent Testimony.*—Where error is committed in sustaining objection to a question, it is cured by subsequently allowing the witness to state the facts.

4. *Custom and Usage; Varying Terms of Contract.*—Whether the letter be regarded as a construction of the contract, or as a modification of it, evidence as to a custom or usage as to berthing a vessel, is not admissible, where a buyer of lumber in a letter subsequent to the completion of the contract undertook to secure a berth for the vessel.

5. *Damages; Minimizing Damages.*—Where the action was for breach of a contract to deliver lumber to be paid for after all is delivered, and the seller offered to deliver provided each car load is paid for as delivered, the measure of damages is the interest from the time the payment would be made under the seller's offer to the

time they would be due under the contract, since the buyer must minimize the damages, even though to do so he had to deal with the seller.

6. *Accord and Satisfaction; Part Payment; Condition.*—To constitute accord and satisfaction the debtor must pay, as a compromise, more than the amount admitted to be due, or pay the amount admitted, subject to a condition that its acceptance would be in settlement of the entire demand.

7. *Same; Evidence; Sufficiency.*—The evidence examined and held insufficient to show that a sum admitted by the buyer to be due under the contract, and paid by him was paid on condition that it had been accepted in full satisfaction, or that it be accepted as such.

8. *Sales; Breach of Contract; Instructions.*—Where the buyer of lumber, to be delivered f. o. b. vessel, after the completion of the contract, sent the seller a copy of the charter party of the vessel specifying that the cargo was to be delivered within reach of the vessel's tackle, it might be inferred that such a delivery was thereby authorized by the buyer, and a charge asserting that the contract required delivery on board the vessel is misleading.

9. *Charge of Court; Ignoring Evidence.*—Where there was evidence that the detention of a vessel was caused in part only by the defendant, a charge asserting that all of the detention was due to the defendant, is abstract and ignores evidence.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action by N. B. Borden & Co. for breach of contract against the Vinegar Bend Lumber Company. Judgment for defendant, and plaintiff appeals. Affirmed.

See also, 2 Ala. App. 354, 56 South. 775.

The action was based upon the breach of the contract by which it is alleged that defendants agreed to sell to plaintiff a cargo of lumber containing 514,200 feet of lumber at $14.50 per M. free on board vessel at Mobile at M. & O. docks, shipment March and April, 1906, payments therefor by sight draft against shipping documents and order. It is then alleged that plaintiffs procured and docked a vessel at Mobile within the time required by the contract, and notified the defendant, which failed and refused to deliver said lumber, to the plaintiff's damage, including $720 for the master of the vessel as demurrage. The defense was the gen-

eral issue, and set-off for $1,000, alleged in one plea to be an unliquidated demand and in another plea to be a liquidated demand. Replication set up the payment of the debt, and that before the suit brought the defendant accepted a less sum than that claimed in full satisfaction of said claim; the amount thereof being in dispute. The jury returned a verdict for $671.91 for the defendant.

The following charges were refused to plaintiff:

"(11) If you believe from the evidence that defendants received the sum of $3,937.06 in satisfaction of their entire claim under contract 116 stump, such payment operated as a full settlement and satisfaction of their claim against the plaintiffs for the cargo delivered under said contract.

"(12) If you believe from the evidence that the defendants claimed from the plaintiffs the sum of $5,064.73 for the cargo delivered to the schooner Bertha F. Walker under contract known as 116 stump, and the plaintiffs claim that they were entitled to deduct from said amount certain sums paid by them for demurrage, switchage, and wharfage, amounting to $1,127.67, and that the net amount due by them to the defendant for said cargo was $3,937.06, and if the jury believe from the evidence that the plaintiffs were right in their contention, then the defendants are not entitled to recover under their pleas of set-off. The court further charges you, gentlemen, in this connection, that whether plaintiffs or defendants were right in their contention regarding this matter, if you believe from the evidence that plaintiffs tendered defendant their check for $3,937.06 in full settlement of said account, and defendants received and cashed such check in settlement and satisfaction of their entire claim against the plaintiff for furnishing said cargo, then the acceptance and cashing

of said check would constitute a full settlement of the entire claim, regardless of whether or not said amount so received was the correct amount due by the defendant.

"(14) If you believe from the evidence that plaintiffs owed defendants $5,064.73 for the lumber furnished for the schooner Walker, and that plaintiffs paid the sum of $1,000 as demurrage on said vessel, and the further sum of $54 as switching charges, and the further sum of $73.67 as wharfage, and that the plaintiffs claim the right to deduct such demurrage, switching charges, and wharfage from the price to be paid for said cargo, and if the jury further believe from the evidence that plaintiff sent to defendant a draft for the amount which plaintiffs claimed to be the correct net amount due the defendants for said cargo, accompanied by a letter stating in substance that the draft was sent in settlement of the balance due for said cargo, and the defendants refused to accept the draft, and insisted upon being paid in cash, but made no objection to the amount of the draft, and that thereupon plaintiffs gave a check to defendants for the amount of said draft, and the defendants accepted and cashed said check without protest, the receipt of the money under such circumstances constituted a full settlement of the entire claim of the defendants for the price of the cargo furnished said schooner, regardless of whether plaintiffs owed defendants $5,064.73 or $3,937.06.

"(15) If you believe from the evidence that the demurrage charge of $1,000 paid by plaintiffs to the schooner Walker was a direct result of the failure of defendant to furnish the cargo for said vessel with reasonable dispatch and in accordance with the contract between the parties, it is entirely immaterial that the

vessel remained in the stream several days before being berthed.

"(18) The court charges the jury that the term 'f. o. b. vessel' in the contract relating to the cargo for the schooner Walker does not mean delivery on the wharf alongside the vessel, but means delivery on board the vessel.

"(19) If the jury are reasonably satisfied from the evidence that defendants received the sum of $3,937.06 in satisfaction of the entire claim under contract 116 stump, the receipt of such amount would be an accord and satisfaction of the entire claim of defendant under said contract."

The following charges were given for defendants:

"(B) The court charges the jury that under that phase of the evidence in this case most favorable to the plaintiff there was no valid or legal release by defendants of the amount, if any, owing by plaintiffs to defendants for lumber furnished by defendants to plaintiffs and loaded into the schooner Bertha F. Walker in excess of the sum of $3,937.06 shown to have been paid by plaintiff to the defendants.

"(C) If the jury believe the evidence in this case, they will find that there was no settlement whereby defendants released any amount owing to it by the plaintiff in excess of $3,937.06 for the lumber sold and delivered to be loaded into the schooner Walker."

It appears from the correspondence that Borden & Co. inclosed to Vinegar Bend Lumber Company a charter party, which they returned, declining to accept the same and be responsible for any demurrage that might arise in the loading by the vessel not securing berth, but agreeing that when the vessel is in port and docked, to ship the lumber as per contract, and further notifying them that, if the Vinegar Bend Lumber Company

loaded the vessel, they would have nothing whatever to do with the vessel, and that Borden & Co. must berth and care for the vessel at their own expense.

JOHN E. MITCHELL, for appellant. Counsel discuss assignments of error relative to evidence, but without citation of authority. The court erred in refusing charge 4.—*Watson v. Kirby,* 112 Ala. 444; *McFadden & Bro. v. Henderson,* 128 Ala. 235. Charge 11 should have been given.—*Hand L. Co. v. Hall,* 147 Ala. 562; *Borden & Co. v. Vinegar Bend L. Co.,* 2 Ala. App. 357. The agreement was not without consideration, as it was made in settlement of a claim then in controversy. —*Allen v. Prater,* 30 Ala. 459; *Price v. Price,* 67 Ala. 569. The court should have given charge 18.—*Elliott v. Howison,* 146 Ala. 568; *Caphart v. Furman,* 103 Ala. 672; 5 Wall. 689; 18 South. 714; 13 A. & E. Enc. of Law, 726. Counsel discusses other charges given and refused, but without further citation of authority.

R. H. & R. M. SMITH, and STEVENS, LYON & DEAN, for appellee. The evidence in the former case is not materially different from the evidence on this trial, and the rulings on the former appeal settle adversely to appellant most of the evidential questions presented.— *Borden & Co. v. Vinegar B. L. Co.,* 2 Ala. App. 354. Where a question is so framed as to call for an illegal or other conclusion of the witness, it should be overruled. —*McCutchin v. Loggins,* 109 Ala. 457. If the question was proper, there was no injury to appellant as the facts were clearly established by other evidence following.—*Lecroix v. Malone,* 157 Ala. 434; *Hamm v. The State,* 156 Ala. 645. Evidence as to general custom is not admissible until the existence of such custom is established.—12 Cyc. 1098. Where parties have construed the contract, their construction will control.—

*Acker v. Bender,* 33 Ala. 230; *Comer v. Bankhead,* 70 Ala. 136; *New York Life v. Smith,* 139 Ala. 303. A custom or usage repugnant to the terms of a contract is not permitted to operate against it.—*Powell v. Thompson,* 80 Ala. 51.; *Wilson v. Smith,* 111 Ala. 170; 12 Cyc. 1091. A general agent has all the power of his principal as to the business in which he is engaged.— *Syndicate Co. v. Catchings,* 104 Ala. 187. The appellant was required to minimize his damages by purchasing from appellee.—*Lawrence v. Porter,* 26 L. R. A. 167. Two separate things are necessary to make a binding contract of accord and satisfaction, compromise and settlement, or contract of any other kind, and the evidence in this case does not show the concurrence of these two elementary essentials.—*Hillestead v. Lee,* 97 N. W. 1055; *Borden v. Vinegar B. L. Co., supra; Hand L. Co. v. Hall,* 147 Ala. 562; *Johnson v. Sellers,* 33 Ala. 265; *Prater v. Miller,* 25 Ala. 320; *Thompson v. Hudgins,* 116 Ala. 93. The abstract charges were properly refused.

WALKER, P. J.—For a statement of the nature of this case and of rulings made on some of the questions involved in it reference is made to the opinion rendered on the former appeal from a judgment granting the defendant a new trial.—*Borden & Co. v. Vinegar Bend Lumber Co.,* 2 Ala. App. 354, 56 South. 775.

One of the claims of damage asserted in the complaint was based upon the alleged payment by the plaintiff of a stated sum as demurrage accruing as a result of a failure to deliver cargo to the vessel to which the contract for the breach of which the suit was brought bound the defendant to deliver lumber free on board; the theory being that this outlay was a result of the defendant's failure to deliver lumber according to the

terms of its contract. A witness for the plaintiff, having testified to the payment of such demurrage, was asked to state "what was the cause of the demurrage—that vessel going on demurrage." The action of the court in sustaining the defendant's objection to that question is assigned as error. The question might well have been regarded by the court as calling, not necessarily for a statement of the facts as to the detention of the vessel upon which the claim to demurrage had been based, but for the conclusion or opinion of the witness as to who or what was responsible for such demurrage charge being incurred. If the witness had been permitted to answer the question, and had stated that the demurrage was caused by the defendant's failure to comply with its contract to deliver lumber, the answer would not have been unresponsive. It is for the jury, not for a witness, to draw such a deduction or conclusion as to a matter in issue.—*Plainless Dentists v. Dement*, 6 Ala. App. 505, 60 South. 421. It is not error to sustain an objection to a question which is so framed that it may elicit either competent or incompetent evidence.—*McCutchen v. Loggins*, 109 Ala. 457, 19 South. 810.

But, assuming that the question should be regarded as calling for the facts upon which the claim to demurrage was based, the sustaining of the objection to it was not prejudicial to the plaintiffs, as subsequently the witness was permitted to give his version of the facts in reference to the detention of ths vessel.

The defendant's claim of set-off was based upon the act of the plaintiff in deducting and retaining from the price due from it on a former sale of lumber by the defendant the sum of $1,000 paid as demurrage to the vessel upon which that lumber was shipped; the defendant claiming that it was not chargeable with such

demurrage, and that the retention by the plaintiffs of
the amount thereof was unauthorized and unwarranted.
That former contract was evidenced by the defendant's
acceptance of a written order of the plaintiffs for a bill
of lumber, which order, after setting out the quantities
and dimensions of the lumber desired, specified the
quality, the price, the date of delivery, and the pay-
ments; the specification in reference to the price being,
$13 75/100 f. o. b. vessel, Mobile, at M. & O. docks."
The appellants complain of rulings of the trial court
by which they were denied the opportunity of proving
the custom or usage as to the matter of procuring a
berth for the vessel when the contract provides for de-
livery of the cargo f. o. b. the vessel. There was no
room for evidence of a custom or usage in reference to
that matter, as it had been covered by a specific agree-
ment between the parties, which needed no explanation,
and was not subject to alteration or modification by
such evidence.—*Wilson v. Smith,* 111 Ala. 170, 20 South.
134; *Powell v. Thompson,* 80 Ala. 51; 12 Cyc. 1091. Be-
fore the arrival of the vessel there was some correspond-
ence between the parties on this subject, the result of
which was that the plaintiff undertook to procure a
berth for the vessel. This settled the question as to
which of the parties was to arrange for the docking or
berthing of the vessel, whether what was done is regard-
ed as a practical construction of the contract by the
parties to it or as an agreed modification of it.—*Comer
v. Bankhead,* 70 Ala. 136; *Elliott v. Howison,* 146 Ala.
568, 40 South. 1018. There is no merit in the sugges-
tion made in the argument of the counsel for the appel-
lants that the latter were not bound by the agreement
on this subject made by their Mobile agents. It is plain
from the correspondence between the parties that these

agents were held out by the plaintiffs as having author-
ity to represent them in such a matter.

Certainly, in the absence of any disclosure to the
court of the particular subject in reference to which
proof of the existence of a custom or usage was sought
to be elicited, it was not chargeable with error in sus-
taining the objection to the question to the witness T.
C. Borden as to his familiarity "with the customs where
the prties have a contract for shipment of lumber simi-
lar to the one between your firm and the Vinegar Bend
Lumber Company in respect to the payment of demur-
rage, where demurrage accrues against the vessel." This
question was so broad in its scope that a responsive an-
swer to it might have included a statement as to a
custom in reference to the payment of a demurrage
claim accruing from a failure to provide a berth for
the vessel—a matter which, as already has been shown,
was covered by the agreement of the parties, and in ref-
erence to which evidence of usage or custom, varying
the contract obligations of the parties, by imposing upon
one of them a burden agreed to be assumed by the other,
was not admissible. It is not error to sustain an ob-
jection to a question which may be answered as well by
illegal as by legal testimony.—*Beall Bros. v. Johnstone
& Hammond,* 140 Ala. 339, 37 South. 297.

To meet the claim of the plaintiffs that they were en-
titled to recover as damages for the breach of the con-
tract mentioned in the complaint the difference between
the contract price of the lumber and the higher price
they paid other parties for a similar bill of lumber, the
defendants offered evidence of their tender of the lum-
ber called for by the contract in accordance with its
terms, except that they required that each car load of
it be paid for as it was delivered at the vessel's side,
while under the contract the plaintiffs were not bound

to pay for the cargo of lumber until all of it was delivered f. o. b. the vessel. If the plaintiffs had accepted the lumber on the terms of this offer, the only effect upon them of the breach of the contract would have been that it put them to the necessity of paying for the lumber sooner than by the contract they were obligated to pay for it; the loss thus entailed upon them being readily measured by the interest on the amount of the price of the lumber for the period during which they were wrongfully deprived of the use of the money. It was with reference to this situation disclosed by the evidence that the following statement was made in the opinion rendered on the former appeal in this case: "On the proposition of mitigating the loss it is only necessary to say that we see no reason as a matter of law why the rule requiring the damaged party to minimize his damages as far as he can reasonably do so should exclude an obligation to buy from the party breaching the contract if purchase can be made from him that will minimize the loss without abandoning the contract or waiving any right of action for damages for a breach growing out of it. It seems to us that the rule to this effect is correct, as declared in *Lawrence v. Porter,* 63 Fed. 62, 11 C. C. A. 28, 26 L. R. A. 167." We are now urged to recede from the position then announced, but what has been said in criticism of that ruling has not convinced us of its incorrectness. To ingraft upon the general rule referred to in the above quotation an exception that would permit a party injured by a breach of contract to recover for such part of his loss as he might have avoided by the exercise of ordinary care to protect himself from the consequences of the breach (13 Cyc. 72) merely because the avoidance of such part of the loss would have involved a dealing with the party in default would amount to a rever-

sal of the policy evidenced by the rule itself, in that it would enable the injured party to adopt a course possibly dictated by a desire to injure another rather than to save himself. A breach of a contract entitles the injured party to be compensated for such loss thereby entailed upon him as he cannot avoid by the exercise of reasonable care, but is not to be made use of by him as an opportunity to gratify a feeling of resentment by inflicting unnecessary hardship upon the party in default. The law sustains his claim to compensatory damages, but does not give him the election to make them punitive. The conclusion follows that the court was not in error in refusing to give written charge 4 requested by the plaintiffs.

The plaintiffs contended that there had been an accord and satisfaction of the above-mentioned demand of the defendant which was sought to be availed of by the latter as a set-off. In the opinion rendered on the former appeal the court pointedly refrained from discussing the evidence bearing upon this question which had been presented in the previous trial, the review of the ruling made on the defendant's motion for a new trial not calling for an examination of the evidence further than was required to reach a conclusion as to whether or not it plainly and palpably supported the verdict which had been set aside. But the court stated certain rules to be applied in dealing with the proposition of accord and satisfaction as it might be presented in another trial of the case. The conclusion we have reached in regard to the evidence adduced on the trial now under review is such that it is not deemed necessary to say more in reference to the views then expressed than that it may be that one of the propositions then stated may have gone too far. We do not now affirm that, when no receipt, release, or discharge in

writing is given (Code, § 3973), a tender and payment by a debtor of an amount admitted by him to be due, there having been no dispute whatever as to that amount being due, can result in the satisfaction of a claim by the creditor that a larger amount is due, though the latter accepts the smaller amount tendered as a satisfaction of his entire demand.—*Hodges v. Tennessee Implement Co.,* 123 Ala. 572, 26 South. 490; Code, § 3973. However that may be, it is plain enough that the claim of the plaintiffs (the appellants here) that there was an accord and satisfaction of the demand sought by the defendants to be used as a set-off is unsupported if there was an absence of any evidence tending to prove that the plaintiffs tendered and paid as a compromise something more than they admitted was due, or that the tender and payment of the $3,937.06 were made subject to the condition that the acceptance of that sum by the defendant should be a settlement of its entire demand. No aspect of the evidence discloses a case of a compromise by a payment and acceptance of something more than was admitted to be due, there being nothing whatever to indicate that the plaintiffs ever raised a question as to their owing at least the amount which they paid.

This brings us to the inquiry as to whether there was any evidence having a tendency to prove that the defendant accepted the $3,937.06 in settlement of its entire claim. The circumstances of the payment and acceptance of that sum may be briefly stated as follows: When a settlement for the cargo of lumber delivered under the contract last above referred to was due, the plaintiffs' Mobile agents wrote a letter to the defendant on which was enclosed a draft on a bank in Florida for the sum of $3,937.06, which was the balance shown by a statement or credit memorandum, also inclosed, in which the plaintiffs were charged with the amount of

lumber received by them at the prices stated in the contract and were given credit for certain disbursements made by them, including the $1,000, paid by them as demurrage. If there was any condition attached to the acceptance of the draft or of the amount of it, it was expressed in the following statement contained in that letter: "The demurrage due the vessel (19½ days at $60 per day) amounted to $1,170, but we have settled with the master for $1,000, and attach hereto his receipt for the same. This is the best we could do, and hope this will be satisfactory to you, and regret very much this vessel went on demurrage at all. In future we hope that this will not occur again, for the reason that it would be disastrous to either one of us. We attach hereto draft for $3,937.06, amount due you as per credit memo. inclosed, for which kindly acknowledge receipt, and oblige." The defendant declined to accept the draft at all, and its representative went in person to the office of the plaintiffs' Mobile agents, returned the draft, and received and had cashed in lieu of it a check on a Mobile bank for the same amount. In reference to the conversation which took place on that occasion the testimony offered by the plaintiffs did not tend to show that anything was said from which it could be inferred that the defendant agreed or consented to accept the amount called for by the check as a settlement of its entire claim, or that the payment of that amount by the plaintiffs was made subject to the condition that the defendant's acceptance of it should have that effect, while the testimony offered by the defendant was to the effect that its representative then stated explicitly that the amount of the check was accepted as a part payment, and not in full payment of the defendant's claim. The most in favor of the plaintiffs' contention that can be said of this evidence is that it shows that their offer

[Borden & Co. v. Vinegar Bend Lumber Company.]

was accompanied by the assertion of a claim that they were entitled to have the amount paid by them as demurrage allowed as a credit on the purchase price of the cargo of lumber and by the expression of the hope that the defendant would acquiesce in this claim. It does not show that they made it a condition of their tender of the sum mentioned by them as the "amount due you, as per credit memo. inclosed" that the acceptance of it should discharge the defendant's entire demand. Nor does it show that the minds of the two parties met in an agreement or understanding that an acceptance by the defendant of the amount offered was to have the effect of an abandonment by it of any right to claim that anything more was due to it for the cargo of lumber. In these respects the evidence in the case at bar is very different from that presented in the case of *Hand Lumber Co. v. Hall,* 147 Ala. 561, 41 South. 78. The following statement of the law applicable to such a state of facts as is disclosed by the evidence is abundantly supported by authority, as is shown by the citations accompanying the quoted text and by later rulings: "Where a person accepts a tender, but not in full of all demands, this acceptance .will not conclude him from claiming more. The nature of the offer or tender made by the debtor is an important consideration in determining whether there has been an acceptance and satisfaction. To constitute an accord and satisfaction, it is necessary that the money should be offered in full satisfaction of the demand, and be accompanied by such acts and declarations as amount to a condition that the money, if accepted, is accepted in satisfaction; and it must be such that the party to whom it is offered is bound to understand therefrom that, if he takes it, he takes it subject to such conditions."—1 Cyc. 332; *Harrison v. Henderson,* 67 Kan. 194, 72 Pac. 875, 62 L. R.

A. 760, 100 Am. St. Rep. 386, and authorities cited in opinion in that case. The application of the rules stated in the above quotation to the evidence above summarized leads to the conclusion that no aspect of that evidence supported the contention that there had been an accord and satisfaction of the demand pleaded by the defendant as a set-off. It follows that the court was not in error in refusing to give written charges 11, 12, 14, and 19 requested by the plaintiffs, or in giving charges B and C requested by the defendant.

It is a sufficient justification of the court's refusal to give charge 15 requested by the plaintiffs that there was an absence of evidence having a tendency to prove that the detention or delay of the vessel for all of the period of 19½ days for which demurrage was paid was attributable to the failure of the defendant to furnish the cargo for the vessel with reasonable dispatch and in accordance with the contract. The charge was abstract, in that the evidence in the case was such that only a part of such delay or detention of the vessel could be attributed to any default of the defendant.

While the contract designated as "116 stump" provided for the price of the lumber "f. o. b. vessel Mobile at M. & O. docks," before the arrival of the vessel the plaintiffs furnished to the defendant, presumably for the latter's guidance in making delivery of lumber under the contract, a copy of the charter party for the vessel to which the lumber was to be delivered. The following was one of the provisions of this charter party: "The cargo or cargoes to be received and delivered alongside within reach of the vessel's tackles." From this circumstance it might have been inferred that such a delivery of the cargo by the defendant as would comply with the quoted provision of the charter party would be accepted by the plaintiffs as a compli-

ance with the requirement of the contract in that re-
gard. In view of this situation, charge 18 requested by
the plaintiffs was calculated to mislead the jury to
the conclusion that, notwithstanding the instructions
that might have been implied from the circumstance of
the plaintiffs furnishing a copy of the charter party to
the defendant, the latter would have been in default in
respect to the place of delivery if it had delivered the
lumber alongside the vessel within reach of its tackles,
instead of on board the vessel. This misleading tend-
ency of the charge justified the court in refusing to
give it.

What has been said disposes of the rulings complained
of in the argument of the counsel for the appellants.

Affirmed.