# Peyton *v.* Lewis.

### *Damage for Maltreatment by Physician.*

(Decided February 12, 1914. 64 South. 472.)

1. *New Trial; Order Granting; Grounds.*—Where the order granting a new trial did not disclose on what grounds it was granted, it is enough that the order was authorized on any of the grounds assigned in the motion.

[Peyton v. Lewis.]

2. *Same.*—Where the record did not show that the evidence plainly and palpably supported the verdict, an order granting a new trial will not be disturbed when it was based on the ground that the verdict was contrary to the great weight of the evidence, despite any infirmities in the evidence which would be obvious only from hearing and seeing the witnesses.

APPEAL from Jefferson Circuit Court.

Heard before Hon. C. B. SMITH.

Action by Mrs. Maud Peyton against Dr. F. P. Lewis. Judgment for plaintiff, and from an order granting a new trial and setting aside the verdict, plaintiff appeals. Affirmed.

PERDUE & COX, for appellant. The specifications of grounds in a motion for new trial is a waiver of others. —*McCarver v. Herzberg,* 135 Ala. 549; *Bank of Dothan v. Wilks,* 132 Ala. 573; 26 Cyc. 949. A motion for a new trial directed to the judgment and not to the verdict is fatally defective.—29 Cyc. 953-4, and cases cited. The verdict is supported by the law.—*Carpenter v. Walker,* 170 Ala. 659. The judgment was not contrary to the evidence in such manner as to authorize it to be set aside.—*Cobb v. Malone,* 92 Ala. 630; *Monteagle v. Livingston,* 150 Ala. 652. Counsel discuss the merits of the case, but in view of the opinion it is not deemed necessary to here set them out.

VASSAR L. ALLEN, for appellee. The action of the trial court in granting a motion for new trial will not be disturbed if authorized by any grounds of the motion, although the order does not state any ground.—*Karter v. Peck Bros.,* 121 Ala. 636. The evidence does not so plainly and palpably support the verdict as to authorize the appellate court to say that the trial court erred in setting it aside.—*Cobb v. Malone,* 92 Ala. 630.

WALKER, P. J.—The only matter presented for review is the action of the trial court in setting aside the

verdict, and granting a new trial. One of the grounds assigned in the motion for a new trial was "that the verdict and judgment were contrary to the great weight of the evidence in said cause." The order made on the motion does not disclose upon what ground it was granted. If it can be affirmed that it was not improperly granted upon any ground assigned, the judgment cannot be reversed.—*Smith v. Tombigbee & Northern Ry. Co.,* 141 Ala. 332, 37 South. 389.

It is an established rule governing the review on appeal of an order granting a new trial, on the ground that the verdict was not supported by sufficient evidence, or that it was contrary to the decided weight of the evidence, that the order or judgment should not be reversed, unless the evidence plainly and palpably supports the verdict.—*Cobb v. Malone,* 92 Ala. 630, 9 South. 738; *Merrill v. Brantley & Co.,* 133 Ala. 537, 31 South. 847; *Smith v. Tombigbee & Northern Ry. Co.,* 141 Ala. 332, 37 South. 389. As stated in the opinion rendered in the case last cited, "this rule is founded partly upon the fact that the trial judge's opportunity for pronouncing upon the weight and convincing power of the testimony is better than ours." The testimony in the case at bar was very conflicting. That in support of the plaintiff's contentions may have been so marked by infirmities, obvious to the trial judge, with the witnesses testifying in his presence, but not disclosed to us by the written report of it contained in the record, as to make it apparent that no impartial tribunal could really credit it; while the opposing testimony may have been so free from any indication of untrustworthiness as fully to justify the conclusion that the overwhelming preponderance of the evidence was in favor of the defendant. We are not to be understood as expressing or intimating any opinion as to the weight or credibility of

the testimony in the case further than to say that the record does not enable us to conclude that it plainly and palpably supported the verdict. It follows that the order or judgment appealed from must be affirmed.

Affirmed.