# Wood *v.* Empire Laundry Co.

### Assault and Battery.

(Decided April 15, 1915.   68 South. 584.)

1. **New Trial; Ground; Review.**—This court will not reverse the order of
the trial court granting a motion for a new trial on the ground that the ver-
dict was contrary to the evidence, where the evidence is conflicting unless,
after a careful examination of the evidence, the court is satisfied that the
evidence manifestly and palpably supports the verdict.

2. **Same.**—Where the ground that the verdict was contrary to the evi-
dence was among other grounds alleged for the granting of the motion, and
the motion was granted generally, this court will presume that it was grant-
ed because the verdict was contrary to the evidence, where such presumption
will sustain the ruling of the trial court.

3. **Same.**—The fact that the affirmative charge for defendant would
have been improper under the evidence, did not render the granting of a new
trial, after verdict for plaintiff, erroneous, one of the grounds alleged being
that the verdict was contrary to the evidence.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by A. M. Wood against the Empire Laundry Company
for an assault and battery. Judgment for plaintiff, which on
motion of defendant was set aside, and new trial ordered, from
which order plaintiff appeals. Affirmed.

GASTON & DRENNEN, for appellant. G. W. YANCEY, for ap-
pellee.

[Wood v. Empire Laundry Co.]

THOMAS, J.—(1) Where the evidence, or inferences therefrom, are conflicting, the reviewing court will not reverse the judgment of the trial court granting generally a motion for a new trial, which contains, among others, the ground that the verdict was contrary to the evidence, unless, after a careful perusal of the testimony and upon mature reflection, it is satisfied that the preponderance of the evidence is manifestly and palpably in favor of the verdict.—*Smith v. Tombigbee & N. Ry. Co.*, 141 Ala. 332, 37 South. 389; *McCary v. Brawley*, 150 Ala. 662, 43 South. 787; *Hervey v. Hart*, 149 Ala. 607, 42 South. 1013, 9 L. R. A. (N. S.) 213, 123 Am. St. Rep. 67, 13 Ann. Cas. 1049; *Rawls v. Scott*, 151 Ala. 311, 44 South. 386; *Woodruff v. Hall*, 157 Ala. 418, 47 South. 570; *Borden v. Vinegar Bend Lumber Co.*, 2 Ala. App. 356, 56 South. 775; *Merrill v. Brantley*, 133 Ala. 537, 31 South. 847; *Peyton v. Lewis*, 10 Ala. App. 362, 64 South. 472; *Dillard v. Savage*, 98 Ala. 598, 13 South. 514; *White v. Blair*, 95 Ala. 147, 10 South. 257. We cannot so affirm in the present case.

(2) Counsel have discussed in their briefs the action of the lower court in granting the motion for the new trial as if such motion was granted on that ground of the motion to the effect that the court erred in refusing the general affirmative charge requested by defendant. However, we do not find from the record that the court predicated its action on any particular ground, but, on the contrary, that it granted the motion generally and without specifying any ground. We must presume, therefore, in favor of its rulings, that it acted on that ground of the motion, which, as seen, would save it from a reversal here, that is, that the verdict was contrary to the evidence.—Authorities, supra.

(3) While we are of opinion that the defendant was not entitled to the affirmative charge (*Gassenheimer v. Western Ry. Co.*, 175 Ala. 319, 57 South. 718, 40 L. R. A. [N. S.] 998, *Weinacker v. Fuel Co.*, 163 Ala. 231, 50 South. 901, and other cases cited in appellant's brief), yet we are not of opinion that, under the rules governing us in reviewing the judicial discretion of the trial court in granting a new trial on the ground that the verdict was contrary to the evidence, we should disturb its judgment.—Authorities first cited herein.

Since a new trial is to be had, we refrain from a discussion of the evidence, lest what we might say should unduly influence the issue of fact of another trial.—*Lee v. Debardeleben Coal &*

[Veitch v. Illinois Central Railroad Company, et al.]

*Iron Co.*, 102 Ala. 631, 15 South. 270; *Peck v. Karter*, 121 Ala. 638, 25 South. 1012.

It follows that the judgment appealed from is affirmed.

Affirmed.