(89 South. 827)

### INGRAM LAND CO. v. TUBB. (6 Div. 781.)

(Court of Appeals of Alabama. April 12, 1921.)

1. Trial ⊛═▷139(1)—General affirmative charge not given if there is any evidence or reasonable inference in opposition to it.

The general affirmative charge should never be given whenever there is any evidence or a reasonable inference in opposition to it.

2. Appeal and error ⊛═▷1015(2)—Where evidence conflicting order granting new trial not disturbed.

Where the evidence or inferences therefrom are conflicting, the reviewing court will not reverse the judgment of the trial court, granting generally a motion for a new trial, which contains, among others, the ground that the verdict was contrary to the evidence, unless after a careful consideration of the testimony and upon mature reflection it is satisfied that the preponderance of the evidence is manifestly and palpably in favor of the verdict.

Appeal from Circuit Court, Jefferson County; Horace C. Wilkinson, Judge.

Action by the Ingram Land Company against Mrs. Viola G. Tubb for commissions on the sale of real estate. There was judgment for plaintiff, which on motion of defendant was set aside, and new trial ordered, and from this later order plaintiff appeals. Affirmed.

Hugo L. Black, of Birmingham, for appellant.

Counsel discuss the legal propositions involved upon the original trial, with the insistence that under the authorities therein cited the court was in error in granting the

---

⊛═▷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

new trial; but he does not discuss the propositions decided in the opinion.

Ellis & Matthews, of Birmingham, for appellee.

Court erred in giving the affirmative charge. 172 Ala. 604, 55 South. 801; 144 Ala. 316, 39 South. 374; 166 Ala. 517, 52 South. 86. Courts will not reverse the action of trial courts in granting new trial, unless palpable injustice is done. 8 South. 738; 13 South. 514; 135 Ala. 343, 33 South. 157.

MERRITT, J. [1] The appellant, Ingram Land Company, recovered a judgment against the appellee, Mrs. Viola G. Tubb, which judgment upon motion of the appellee, was set aside, and a new trial granted. The present appeal is prosecuted from the order of the court granting a new trial. The assignment of error is that the court erred in setting aside the verdict of the jury and the judgment of the court. The cause of action was to recover commissions on the sale of property, claimed to be due under a contract alleged to have been executed by the appellee to the appellant. The order made on the motion for a new trial does not disclose upon what ground it was granted. One of the grounds assigned in the motion for a new trial was "that the court erred in giving at the request of the plaintiff the general affirmative charge." The general affirmative charge should never be given whenever there is any evidence or a reasonable inference in opposition to it. John v. Bham. Realty Co., 172 Ala. 604, 55 South. 801; Bahm. L. & P. Co. v. Livingstone, 144 Ala. 316, 39 South. 374; Armour & Co. v. Ala. Power Co., 17 Ala. App. 280, 84 South. 628; Birmingham R., L. & P. Co. v. Camp, 2 Ala. App. 649, 57 South. 50.

[2] Another ground assigned in the motion for a new trial was that the verdict was contrary to the evidence. Where the evidence, or inference therefrom, are conflicting, the reviewing court will not reverse the judgment of the trial court granting generally a motion for a new trial, which contains, among others, the ground that the verdict was contrary to the evidence, unless, after a careful consideration of the testimony and upon mature reflection, it is satisfied that the preponderance of the evidence is manifestly and palpably in favor of the verdict. Smith v. Tombigbee Northern Ry. Co., 141 Ala. 332, 37 South. 389; McCrary v. Brawley, 150 Ala. 662, 43 South. 787; Hervey v. Hart, 149 Ala. 607, 42 South. 1013, 9 L. R. A. (N. S.) 213, 123 Am. St. Rep. 67, 13 Ann. Cas. 1049; Peyton v. Lewis, 10 Ala. App. 360, 64 South. 472; Wood v. Empire Laundry Co., 14 Ala. App. 144, 68 South. 584.

The judgment appealed from is affirmed.

Affirmed.